## CHARLES BERGSTROM v. KASJA SVENSON.

### (126 N. W. 497.)

**Public Lands — Death of Homesteader — Alien Heirs — Right to Land.**

In December, 1896, one Axel Bergstrom made a homestead entry on certain government land in Pierce county, and in May following he died intestate, leaving surviving him the plaintiff, his brother, who is a citizen of the United States and a resident of this state, also the defendant, his mother, an alien, who is a citizen and resident of Sweden. In June, 1903, plaintiff made final proof pursuant to § 2291, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 1390, and received final receiver's receipt, and in June, 1905, a patent for said land was issued by the government, running to the heirs of Axel Bergstrom. This is the statutory action to determine adverse claims, and the sole question involved is whether by such patent the fee title to the land was conveyed to the alien mother or to the citizen brother. *Held,* construing § 2291, U. S. Rev. Stat., that the mother, being an alien, was incapable of making final proof, and hence not qualified to receive title from the government, and such title is quieted in plaintiff, who is the sole heir capable of making such proof and receiving title from the government.

Opinion filed April 29, 1910.

---

Note.—Under the common law, an alien is held to have no inheritable ability, and therefore to be incapable of taking title to real property by descent. See review of authorities in notes in 6 L. ed. U. S. 488, 28 L. ed. U. S. 934, and 31 L.R.A. 177. But this general rule has been to a considerable extent modified by statute both in this country and in England, as shown by the notes in 31 L.R.A. 85, 31 L.R.A. 146, and 12 Am. St. Rep. 93.

Appeal from District Court, Pierce county; *A. G. Burr, J.*

Action by Charles Bergstrom against Kasja Svenson. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Bangs, Cooley, & Hamilton,* for appellant.

Heirs of devisees of deceased entryman take as grantees of the government, not by inheritance. Bernier v. Bernier, 147 U. S. 242, 37 L. ed. 152, 13 Sup. Ct. Rep. 244; Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Gould v. Tucker, 20 S. D. 226, 105 N. W. 624; Dawson v. Mayall, 45 Minn. 408, 48 N. W. 12; Towner v. Rodegeb, 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50; Wittenbrock v. Wheadon, 128 Cal. 150, 70 Am. St. Rep. 32, 60 Pac. 664; Haun v. Martin, 48 Or. 304, 86 Pac. 371.

Right of succession is exclusively of state cognizance. Cope v. Cope, 137 U. S. 682, 34 L. ed. 832, 11 Sup. Ct. Rep. 222; Anderson v. Bell, 140 Ind. 375, 29 L.R.A. 541, 39 N. E. 735; Eddie v. Eddie, 8 N. D. 376, 73 Am. St. Rep. 765, 79 N. W. 856; Cooper v. Ives, 62 Kan. 395, 63 Pac. 434; Caldwell v. Miller, 44 Kan. 12, 23 Pac. 946; Hutchinson Invest. Co. v. Caldwell, 152 U. S. 65, 38 L. ed. 356, 14 Sup. Ct. Rep. 504; Hochstein v. Berghauser, 123 Cal. 681, 56 Pac. 547; Wittenbrock v. Wheadon, supra; Dukes v. Faulk, 37 S. C. 255, 34 Am. St. Rep. 745, 16 S. E. 122; Braun v. Mathieson, 139 Iowa, 409, 116 N. W. 789; Cooper v. Wilder, 111 Cal. 191, 52 Am. St. Rep. 163, 43 Pac. 591.

*Albert E. Coger,* for respondent.

"Heirs" as used in United States homestead law means heirs who were citizens of the United States when final proof was made. Agnew v. Morton, 13 Land Dec. 228; Towner v. Rodegeb, 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50.

Rules of construction as applied to deeds and wills do not apply to patents and other public grants. Braun v. Mathieson, 139 Iowa, 409, 116 N. W. 789; Towner v. Rodegeb, supra; 26 Am. & Eng. Enc. Law, 2d ed. pp 427, 432; Smith v. Pipe, 3 Colo. 195; Kiefer v. German-American Seminary, 46 Mich. 636, 10 N. W. 50; Nash v. Sullivan, 29 Minn. 206, 12 N. W. 698; Smith v. Townsend, 148 U. S. 494, 37 L. ed. 534, 13 Sup. Ct. Rep. 634; Payne v. Mathis, 92 Ala. 585, 9 So.

605; Landes v. Brant, 10 How. 348, 13 L. ed. 449; Morehouse v. Phelps, 21 How. 294, 16 L. ed. 140.

FISK, J. This is an appeal from a judgment of the district court of Pierce county, and comes here for trial *de novo*. The facts are not in dispute, and, as found by the trial court, are substantially as follows:

"(1) That one Axel Bergstrom in his lifetime made a homestead filing on government land pursuant to the laws of the United States. [Here follows a description of the land which is situated in Pierce county.]

"(2) That the said Axel Bergstrom was the brother of the plaintiff, Charles Bergstrom, and that the defendant, Kasja Svenson, is the mother of the said Axel Bergstrom.

"(3) At the time of the death of Axel Bergstrom, he had not made proof to the premises hereinbefore described, but, after his death, proof was made to said land, and thereafter patent was issued by the government of the United States running to the heirs of said Axel Bergstrom, deceased.

"(4) That at all the times herein mentioned the plaintiff was, and now is, a citizen of the United States and a resident of North Dakota, and the defendant was a citizen of Sweden, and was at all times herein mentioned, and now is, a resident of Sweden. That said Axel Bergstrom left surviving him no heirs at law or next of kin who are citizens of the United States, save and except the plaintiff, Charles Bergstrom."

This is the statutory action by the son against the mother to determine adverse claims to the real property in controversy.

As stated by the appellant's counsel: "The sole question for determination is whether under the United States patent granting the lands to 'the heirs of Axel Bergstrom' the fee title was conveyed to the alien mother of the deceased entryman or to the citizen brother." The entire controversy turns upon the construction to be placed on § 2291 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 1390. Whatever our decision may be, it is not necessarily final as the same may be ultimately reviewed by the Supreme Court of the United States. Section 2291 reads: "No certificate, however,

shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in § twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law." It is entirely clear from a reading of the above statute that alien heirs are incapable of making final proof, even though under the local state statute where the land is situated they might inherit had the deceased entryman left an estate. This is firmly established, both by the decisions of the land department and by the courts. It is plaintiff's contention that in no event can alien heirs derive any title to a homestead under the above statute, and that the words "the heirs of Axel Bergstrom" contained in the patent in the case at bar should be construed to mean "the heirs of Axel Bergstrom who were citizens of the United States at the time final proof was made herein." On the contrary, counsel for defendant contend, in effect, and with much plausibility, that the grant by the government to "the heirs of Axel Bergstrom" conveys title to defendant, as she is the sole heir of the deceased entryman under the state statute, and that we must look alone to such statute to determine who the grantee is under such patent. The learned trial court upheld the contention of the plaintiff and quieted title in him. While the matter is by no means free from doubt, and, strange as it may seem, no court, so far as we are able to discover, has ever been called upon to pass on the precise question here involved, we feel constrained to concur in the views of the trial court by holding that plaintiff, being the sole heir capable of taking advantage of the privilege afforded by § 2291, supra, takes the title under the patent. The language employed in the latter portion of said statute would seem to permit of no other

construction. It reads: "Then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent," etc. It is contrary to the whole policy of the homestead law that persons not citizens of the United States may, under any conditions, acquire title thereunder. This is manifest from the various provisions of the act limiting the beneficiaries thereof to persons only who are citizens.

While, as stated by counsel for appellant, defendant is, under our state statute, the sole heir of Axel Bergstrom, and as such would, although an alien, inherit any property left by him, still such fact is in no manner controlling. Axel Bergstrom had no estate in such homestead, and hence could leave no inheritable interest therein. He merely possessed an inchoate right therein,—a mere preference right to obtain title upon compliance with the homestead act. This is expressly conceded, and counsel for appellant make no claim to any rights through inheritance under the state statute; their contention being that their client takes by purchase from the government. In other words, they contend that the patent grants the land to defendant the same as if she had been specially designated as the sole grantee therein. Such contention is based upon the postulate that the patent names the grantee as the "heirs of Axel Bergstrom," and that the state statute must alone be consulted to determine who are such heirs. This line of reasoning is quite persuasive, but we think it fallacious. It runs counter to the express language of the federal statute above cited, as well as to the well-recognized policy of the government in enacting the homestead law. In the light of such statute, it is, we think, reasonably clear that the words "the heirs of Axel Bergstrom," as used in the patent, must be construed to mean the persons who are capable of making proof under the provisions of § 2291, aforesaid. No other persons are entitled to a patent. Defendant, being an alien, was incapable of making proof, and, such being true, she is to all intents and purposes the same as if dead. It has been thus held by the land department of the government in sustaining the right of a person to make final proof, who, under the local state statute, would not inherit. Agnew v. Morton, 13 Land Dec. 228. The above case involved facts analogous to those in the case at bar, and, in construing the Federal statute, First Assistant Secretary Chandler said:

"Section 2291 of the Revised Statutes provides for the issuance of patent, after satisfactory final proof, to the 'heirs or devisee' in case of the death of the entryman leaving no widow. But such heirs or devisee shall be citizens of the United States at the time final proof is made. It is manifest that the father and mother, while citizens of Great Britain, cannot make proof and obtain patent for the land. Being thus incompetent, their right to make final proof and receive patent for the land while subjects of a foreign country is the same as if they had no existence." To the like effect is the decision of the Washington court in Towner v. Rodegeb, 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50, from which we quote as follows: "The homestead law vests the rights in the land in the claimant himself for his exclusive benefit, and if he die before patent issues, leaving no widow, then in his heirs, or devisees, if they be at the time citizens of the United States. U. S. Rev. Stat. §§ 2290, 2291, U. S. Comp. Stat. 1901, pp. 1389, 1390. The alien heirs are incompetent to make proof and secure title to a homestead [citing Agnew v. Morton]. The answer in the case at bar alleges that the deceased homesteader left no heirs who were citizens of the United States. They are therefore incompetent to make the necessary proof and secure title as heirs of the deceased. There is no authority in the land laws for an executor or administrator to consummate the inchoate claim of a deceased homesteader for the benefit of the creditors. . . . If a homestead claimant dies before patent issues, or before the right to demand a patent has accrued, the land does not become a part of his estate. Upon his death, all his rights under the homestead entry cease, and his heirs become entitled to a patent, not because they have succeeded to his equitable interest, but because the law gives them preference as new homesteaders, and allows them the benefit of the residence of their ancestor upon the land. Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233. . . . The heirs do not succeed to such rights by inheritance, but by virtue of the law which merely grants to them preference rights. If they fail to exercise those rights, or if, as in this case, there are no heirs capable, as citizens of the United States, of succeeding to such rights, then there is no one else to whom any preference right survives, and

the land is open as a part of the public domain for occupancy by any qualified homesteader."

Counsel for appellant cite and rely upon Caldwell v. Miller, 44 Kan. 12, 23 Pac. 946, and Hutchinson Invest Co. v. Caldwell, 152 U. S. 65, 38 L. ed. 356, 14 Sup. Ct. Rep. 504, as well as other cases. In its opinion in the latter case the Supreme Court of the United States uses certain language, which, if applicable to the case at bar, would seem to support appellant's contention. Among other things the court says: " 'It is an established principle of law everywhere recognized, arising from the necessity of the case, that the disposition of immovable property, whether by deed, descent, or any other mode, is exclusively subject to the government within whose jurisdiction the property is situated,' and, although Congress might have designated particular grantees to whom the land should go in the first instance, it did not do so, nor make use of words indicative of any intent that the law of the state should not be followed. . . . The object sought to be attained by Congress was that those who would have taken the land on the death of the pre-emptor, if the patent had issued to him, should still obtain it notwithstanding his death, an object which would be in part defeated by the exclusion of any who would have so taken by the local law if the title had vested in him." It will be noticed, however, that this case involved the pre-emption law and the construction of § 2269, U. S. Rev. Stat. and hence is not in point. The case of Braun v. Mathieson, 139 Iowa, 409, 116 N. W. 789, involved rights under the former timber culture act. It will be seen upon examination that § 2291, relating to final proof under the homestead act, is materially different from § 2269, relating to such proof under the pre-emption act, as well as the law relating to such proof under the timber culture act.

Lastly, appellant's counsel call attention to § 2448, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 1512, which provides: "Where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died, or who hereafter dies, before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assignees of such deceased patentee as if the patent had issued to the deceased person during life." It is well settled, however, that the

above section has no application under the facts of this case. It was enacted merely for the purpose of avoiding the rule that a patent issued to a dead man is void, and it only applies to cases where the deceased entryman had complied with the law, and was entitled to a patent at the time of his death. 20 Am. & Eng. Enc. Law, 2d ed. p. 432.

The views above expressed lead to an affirmance of the judgment appealed from, and it is accordingly affirmed. All concur.