[No. 11557. Department Two. April 29, 1914.]

HENRY FLOOD, Appellant, v. M. H. VIRNIG et al., as County Commissioners etc., Respondents.[1]

TAXATION — PUBLIC LANDS — HOMESTEAD INTERESTS — PENDING OF APPEAL. After the issuance of a receiver's receipt or certificate upon accepting the final proof and the money to commute a homestead entry, the land is subject to taxation, and the right to tax the land is not suspended during the time that the patent was held up by cancellation of the certificate and an appeal to the commissioner of public lands, who reversed the ruling cancelling the certificate and directed patent to issue.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered June 24, 1913, dismissing an action to restrain the collection of taxes, upon sustaining a demurrer to the complaint. Affirmed.

Davis & Davis, for appellant.

C. G. Jeffers, for respondents.

MORRIS, J.—Appellant sought to enjoin the officials of Grant county from collecting taxes levied upon his lands for the years 1909-10-11, and appeals from an adverse ruling sustaining a demurrer to his complaint, and a dismissal of the cause upon his refusal to plead further. The complaint recites that appellant entered the land as a homestead; that, on July 17, 1908, he paid the receiver of the United States land office, at North Yakima, the sum of $402; that, at the

[1]Reported in 140 Pac. 333.

time of making said payment, he submitted his proof upon his application for a patent in accordance with the law relative to commuted homestead entries, and that the receiver issued to him a receipt for the money so paid, showing the payment of the money upon his commuted homestead entry for 160 acres of land at $2.50 per acre, and the taking of testimony in support of the application. The receipt is set out in full, with an allegation that no other receipt or certificate was received by him. The complaint then recites, "that some time after having made proof," he was notified by the register and receiver that his proof was rejected upon the ground of fraud, and that he might appear before a United States commissioner and give testimony "relative to the matter of the declaration of the receiver to cancel his homestead entry," and that a final hearing would be had before the register and receiver thirty days later; that he so appeared, submitted his testimony, and the register and receiver rejected his proof and canceled his homestead entry; that he then appealed to the commissioner of the general land office, and that, in January, 1912, after a hearing before the commissioner, the ruling of the register and receiver was reversed, and he was notified of his right to a patent to the land. Upon these facts, he bases his claim that the land was not subject to taxation by the state for the years 1909-10-11.

It is apparent that appellant's proof was accepted in the first instance at the hearing in July, 1908, and that, upon such acceptance, his money was received. When he made his proof and it was accepted by the local land office and his money received and the receipt issued, he acquired a beneficial interest in the land subject to taxation. *Haumesser v. Chehalis County*, 76 Wash. 570, 136 Pac. 1141. That this proof was afterwards rejected, and his application for patent held up until the final determination by the commissioner of the general land office, does not suspend or deprive the state of its right to tax the lands, as appellant, during all these proceedings and subsequent to the first acceptance of his

proof, retained his interest in the land. Public lands cease to be public lands after they have been entered at the local land office and a certificate of entry has been given the applicant. *Carroll v. Safford,* 3 How. 441; *Witherspoon v. Duncan,* 4 Wall. 210; *Hastings etc. R. Co. v. Whitney,* 132 U. S. 357. Appellant had paid for the land in full. The money had been accepted and retained by the United States, and the fact that the government withheld the patent pending investigation into appellant's right thereto did not deprive him of his equitable title to the land.

"Whenever full payment has been made to the United States, and the full equitable title has passed to an individual purchaser or homesteader, the mere delay in furnishing to such purchaser or homesteader the legal evidence of his title does not relieve the land from ordinary state taxation." *Stearns v. Minnesota,* 179 U. S. 223.

"The party who makes proofs which are accepted by the local land office, and pays his money for the land, has acquired an interest of which he cannot be arbitrarily dispossessed. His interest is subject to state taxation." *Orchard v. Alexander,* 157 U. S. 372.

From the time of the issuance of the receipt upon proof taken, appellant was in possession of these lands under his receipt, which gave him a right of property in the land, which could be divested only by subsequent proceedings on the part of the government.

"He who has the right to property and is not excluded from its enjoyment shall not be permitted to use the legal title of the government to avoid his just share of state taxation." *Wisconsin Cent. R. Co. v. Price County,* 133 U. S. 496.

Many other Federal authorities might be cited, but the above, in connection with the *Haumesser* case, are sufficient to establish the right of the state to tax these lands.

The judgment is affirmed.

Crow, C. J., Parker, Mount, and Fullerton, JJ., concur.