NORTHERN ROCK ISLAND PLOW COMPANY, a Corporation, v. ANDREW JEPSON, Peter Jepson, P. A. Lyngstad, and All Other Persons Unknown, Claiming Any Interest or Estate in, or Lien or Encumbrance upon the Property Described in the Complaint, and Their Unknown Heirs.

· (147 N. W. 728.)

One Frank E. Jepson died after making application to enter a government homestead. His father, Peter Jepson, was his sole heir at law. A brother, Andrew Jepson, cultivated the land and offered final proof, which was rejected by the General Land Office for the reason that the proof should be made by the father. The father, thereupon, made proof, and patent was issued to the heirs at law of the deceased entryman. Prior to the issuance of the patent, the father had quitclaimed to Andrew, and Andrew, acting upon orders from the General Land Office, had quitclaimed back to the father. Some five months after the issuance of patent, plaintiff obtained a money judgment against Andrew Jepson, and this action is brought to subject the said homestead to the lien of said judgment. *Held:*

**Estate of deceased entryman — government land — gift — judgment — lien.**
1. That the tract was not a part of the estate of the deceased entryman, but was a gift from the United States government to his father, Peter Jepson, on account of said father being the sole heir of the deceased entryman. The judgment debtor, Andrew Jepson, therefore never had any interest in the said tract, and the judgment therefore never became a lien thereon.

Opinion filed May 20, 1914.

Appeal from the District Court of Adams County, *Crawford,* J. Affirmed.

*Blaisdell, Murphy, & Blaisdell* and *E. C. Wilson,* for appellant.

The record of a deed, in the absence of a showing of good reasons for not offering in evidence the deed itself, is wholly incompetent.

Rev. Codes 1905, § 7297; American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965; Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

While the findings of fact by the commissioner of the general land office are usually binding, his conclusions of law are not binding. Parsons v. Venzke, 4 N. D. 452, 50 Am. St. Rep. 669, 61 N. W. 1036.

Anyone having an estate or interest in real property, or lien upon same, may maintain this form of action. Rev. Codes 1905, §§ 7519, 7522; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029.

The presumption of citizenship may be drawn from one's residence, and the fact that he has a homestead. 7 Cyc. 147; Kadlec v. Pavik, 9 N. D. 278, 83 N. W. 5; Re Willis, 22 Land Dec. 426.

Andrew Jepson has earned the title to the land in question and is therefore the equitable owner. Bergstrom v. Svenson, 20 N. D. 55, 126 N. W. 497, Ann. Cas. 1912C, 694; Douglass v. Stephens, 61 Fla. 589, 54 So. 455.

To be effectual for any purpose, a deed must be delivered and accepted. 13 Cyc. 560, 561, 570, 571.

The judgment lien in this case attached to the land in question. Hibberd v. Smith, 67 Cal. 547, 56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46; Rev. Codes 1905, § 4957.

The execution, delivery, and acceptance of a deed may relate back; but this is only where no rights of third parties have intervened. Arnegaard v. Arnegaard, 7 N. D. 475, 41 L.R.A. 258, 75 N. W. 797.

One claiming exemptions must plead and prove the same. There is no such issue in this case. 18 Cyc. 1491–1493; 20 Cyc. 746; 21 Cyc. 635–643; First Nat. Bank v. Thompson, 72 Iowa, 417, 34 N. W. 184.

*Boehm & Jackson,* for respondents.

No lands acquired under the homestead laws of the United States are liable for any debt contracted prior to the issuing of patent. U. S. Rev. Stat. § 2296, U. S. Comp. Stat. 1901, p. 1398; 32 Cyc. 1083, ¶ 3; Coleman v. McCormick, 37 Minn. 179, 33 N. W. 556; Gould v. Tucker, 20 S. D. 226, 105 N. W. 624; Ash v. Ericksson, 115 Minn. 478, 132 N. W. 997.

The exemption is effectual in favor of the heirs of the entryman. Ash v. Ericksson, supra; Englert v. Dale, 25 N. D. 587, 142 N. W. 169.

A deed does not convey after-acquired property. Richardson v. Cambridge, 2 Allen, 118, 79 Am. Dec. 767; Grand Tower Min. Mfg. & Transp. Co. v. Gill, 111 Ill. 541; Libby v. Thornton, 64 Me. 479; Wright v. Wright, 99 Ga. 324, 25 S. E. 673; Gray v. Folwell, 57 N. J. Eq. 446, 41 Atl. 869.

The courts will take judicial notice of the decisions and rules of the United States land department. Jones, Ev. 1st ed. ¶ 208; Caha v. United States, 152 U. S. 221, 38 L. ed. 419, 14 Sup. Ct. Rep. 513; Southern P. R. Co. v. Groeck, 68 Fed. 609; Whitney v. Spratt, 25 Wash. 62, 87 Am. St. Rep. 738, 64 Pac. 919; Finley v. Woodruff, 8 Ark. 328; Ansley v. Peterson, 30 Wis. 653; Carman v. Johnson, 29 Mo. 84; Bellows v. Todd, 34 Iowa, 18; Lerch v. Snyder, 112 Pa. 161, 4 Atl. 336.

Letters from the United States land department officials are admissible in evidence. Ansley v. Peterson, 30 Wis. 653; Bellows v. Todd, 34 Iowa, 18; Lerch v. Snyder, 112 Pa. 161, 4 Atl. 336.

There was a complete delivery of the deed from Andrew Jepson to Peter Jepson. The proper record of a deed raises the presumption of delivery. Wells v. American Mortg. Co. 109 Ala. 430, 20 So. 136; Ellis v. Clark, 39 Fla. 714, 23 So. 410; Colee v. Colee, 122 Ind. 109, 17 Am. St. Rep. 345, 23 N. E. 687; Fenton v. Miller, 94 Mich. 204, 53 N. W. 957; Burke v. Adams, 80 Mo. 504, 50 Am. Rep. 510; Tobin v. Bass, 85 Mo. 654, 55 Am. Rep. 392; Morrill v. Gelston, 34 Md. 413; Robinson v. Pitzer, 3 W. Va. 335.

BURKE, J. In September, 1902, Frank E. Jepson made an application to enter as a government homestead a 160 acre tract involved in this action. Before establishing residence thereon, and in the month of May, 1903, said entryman died, leaving no wife, children, or mother, but being survived by his father and three brothers. Under the laws of this state, Peter Jepson, the father, became his sole heir at law. Andrew Jepson, one of the brothers, had a government homestead near Frank's land, and made the cultivation and improvements required by the United States land laws to entitle the heirs to make application for, and receive, patent to the land. It was evidently the intention of the father, Peter, that the brother Andrew should have the land, because on the 6th day of February, 1908, he executed a quitclaim deed to said

tract in favor of Andrew. When the proof of cultivation reached the commissioner of the General Land Office in July, 1909, he rejected the same, but allowed the father, Peter, to present an amended homestead application upon behalf of the heirs, and required the brother Andrew to quitclaim back to the father any interest he claimed in the land. This was done, and in February, 1910, patent was issued to the homestead of the deceased entryman in favor of the heirs of Frank E. Jepson. On July 7, 1910, a judgment was docketed in favor of the Northern Rock Island Plow Company against the brother Andrew Jepson. This action is brought by the plow company against the father, Peter, and brother Andrew to have the land in question declared subject to the lien of the said judgment. It is their contention that the brother Andrew owns the tract.

(1) The burden of proof is upon the plaintiff to establish ownership of the land in the brother Andrew, and that its judgment is a lien thereon. The defendant insists that plaintiff has failed to establish either one of those two propositions. As we have reached the conclusion that there is a failure of proof of ownership in Andrew, it will be unnecessary to pass upon the second question.

It is well settled by the decisions of this and other courts that a government homestead upon which patent has not been earned is not the property of the decedent, but remains the property of the United States government. Under the land laws of the government, the heirs at law may, upon proof of property cultivation, apply for and receive a patent for the tract, but the grant is made directly to the heirs. Bernier v. Bernier, 147 U. S. 242, 247, 37 L. ed. 152, 155, 13 Sup. Ct. Rep. 244; Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Note in 34 L.R.A.(N.S.) 398; Bergstrom v. Svenson, 20 N. D. 55, 126 N. W. 497, Ann. Cas. 1912C, 694. Therefore on February 14, 1910, the United States granted the land to the heirs at law of Frank E. Jepson, deceased; it is admitted that Peter, the father, was the sole heir at law; so we have only to consider the effect of the two quitclaim deeds already mentioned; the first being from the father to Andrew, dated February 19, 1908, two years before patent was issued. It is claimed by the defendant that this deed is utterly void because at that time the land was the property of the United States government. Plaintiff insists that such deed,

which contained the following clause: "Together with every right, title, or interest in said property, that the grantor may have acquired or shall hereafter acquire in said property as the heir of said Frank E. Jepson, deceased," was sufficient to convey the land after the issuance of the patent. This dispute is immaterial in view of the fact that Andrew later, on November 19, 1909, issued and filed a quitclaim back to the father, Peter. This deed was not produced at the trial, but it affirmatively appeared that it had been forwarded to Washington, D. C., with the proofs offered by the father, and there was introduced in evidence the record thereof in the office of the register of deeds of the proper county. We think the record was properly received, and the proof sufficient to show that when the patent was issued the land became the absolute property of the father, Peter. There is absolutely no proof of any conveyance made by the father to the brother Andrew after that date, the only evidence upon which the plaintiff relies being two letters written by the father in 1911, stating that the land was deeded over to his son Andrew. Those letters were not sufficiently identified to entitle them to admission as evidence, and must be absolutely disregarded, while the father himself testified positively by deposition that the land belonged to him, and that Andrew had no interest therein, and the son Andrew also testified at the trial to the same effect. So, on the record it stands established that the land at the time of the trial was the property of the father, Peter, and therefore the judgment of the plaintiff constituted no lien thereon. The judgment of the trial court is affirmed.