[No. 12597. Department One. July 24, 1915.]

## EDWARD S. WILDY, *Appellant,* v. C. C. HENRY et al., *Respondents.*[1]

TAXATION—PUBLIC LANDS—RIGHT TO PATENT—CONDITIONS PRECEDENT—EQUITABLE TITLE. No equitable title passes to a purchaser of government lots in the townsite of Port Angeles upon his paying the price and taking receipt therefor, until after performance of the condition precedent relating to improvements, and until then the lots are not subject to taxation; under 34 U. S. Stat. at L., ch. 2077, p. 167, which provides that no patent shall issue to any lot until the purchaser has proven to the satisfaction of the secretary of the interior that he has expended $300 in permanent improvements on each lot purchased.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered October 20, 1914, upon sustaining a demurrer to the complaint, dismissing an action to vacate a tax sale, tried to the court. Reversed.

¹Reported in 150 Pac. 620.

*Geo. Venable Smith*, for appellant.

*Cochran & Plummer*, for respondents.

CHADWICK, J.—In the year 1907, plaintiff purchased government suburban lot No. 132, in the townsite of Port Angeles. His entry was made at the United States land office at Seattle.

Under the terms of the act under which the lot was sold, patent is not due until improvements to a certain value have been made by the purchaser. A copy of the act follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Secretary of the Interior be, and he is hereby, authorized and directed to cause the reappraisement of all unsold and undisposed of suburban lots not reserved for public purposes in the townsite of Port Angeles, Washington, and all of said lots so reappraised to be subject to sale at private entry only at such reappraised price: Provided, That no patent shall issue to any of the lots so reappraised until the purchaser thereof has proven to the satisfaction of the Secretary of the Interior that he has expended not less than three hundred dollars in permanent improvements on each lot purchased by him." 34 U. S. Stat. at Large, ch. 2077, p. 167.

Plaintiff paid the purchase price, taking a receipt therefor.

In the year 1908, the taxing officers of Clallam county, proceeding upon the theory that the payment of the purchase price vested the equitable title in the purchaser, assessed the lot and it was thereafter sold to defendants at tax sale. This action was brought to set aside the tax sale and treasurer's deed given in pursuance thereof. From a judgment in favor of the defendants, plaintiff has appealed.

This court, in common with others, has held that an equitable interest in real property is a subject of taxation, and that government land held under final receiver's receipt is subject to taxation. *Haumesser v. Chehalis County*, 76 Wash. 570, 136 Pac. 1141; *Flood v. Virnig*, 79 Wash. 417,

140 Pac. 333. It is equally well settled that, so long as the title, legal and equitable, is in the United States, it is not subject to taxation by the state. *Railway Co. v. Prescott*, 16 Wall. 603; *Railway Co. v. McShane*, 22 Wall. 444; *Northern Pac. R. Co. v. Traill County*, 115 U. S. 600; *New Orleans Pac. R. Co. v. United States*, 124 U. S. 124; *Colorado Co. v. Commissioners*, 95 U. S. 259; *Page v. Pierce County*, 25 Wash. 6, 64 Pac. 801. This question, as in all such cases, depends upon a construction of the act under which the land is granted. *Page v. Pierce County, supra.*

It may be laid down as a fundamental proposition that, where the settler has done all that there is to do, i. e., settlement and improvement, as under the homestead law, or settlement, improvement and payment, as under the preemption law, and has made his proof and received a final receipt and nothing remains to be done on the part of the government except the administrative act of issuing a patent, the title has so far passed as to sustain a transfer or incumbrance of the property. Being then a subject of private ownership and proprietorship, it follows as of course that it is a subject of taxation.

A final receipt is an evidence that the conditions of the grant, whatever they may be, have been complied with and vests the equitable title. *Bolton v. La Camas Water Power Co.*, 10 Wash. 246, 38 Pac. 1043. And this is so although the government may thereafter refuse to convey the land because found to be mineral, or otherwise exempt from the operation of the grant, or because of fraud in the acquisition of the asserted right, or because the title is in dispute. *Northern Pac. R. Co. v. Patterson*, 154 U. S. 130; *Northern Pac. R. Co. v. Myers*, 172 U. S. 589.

On the other hand, if the grant is made upon condition to be performed after a preliminary payment, whether it be an entry fee or the purchase price, the full legal and equitable title is reserved in the government until the performance of the condition and proof to sustain it. "Until this is done,

the equitable title of the company [the grantee] is incomplete. There remains a payment to be made [a condition to be performed] to perfect it. There is something to be done without which the company is not entitled to a patent." *Railway Co. v. McShane, supra.*

In speaking of the principal cases cited above, the supreme court of the United States said in the *Myers* case:

"It was decided that lands sold by the United States might be taxed before they had parted with the legal title by issuing a patent; but this principle, it was said, must be understood to be applicable only to cases where the right to the patent was complete, and the equitable title was fully vested in the party without anything more to be paid *or any act to be done* going to the foundation of his right." The italics are ours.

Clearly, under the act quoted, the foundation of a purchaser's rights rests upon improvement as well as payment. In the case at bar, there is neither a patent nor a right to a patent, and there may never be. The condition subsequent to the receipt may never be performed. A receipt for the purchase price is not a final receipt entitling appellant to a deed or patent in due course of administration. It must be construed and measured by the terms and conditions of the statute under which it was issued.

The principle governing this case was held to be controlling in *Railway Co. v. Prescott, supra.* In that case a parcel of land granted by the government had been sold for a tax imposed by the state. The railway company brought suit to quiet its title, resting its claim entirely upon the terms of the grant. Congress had provided:

"That before any of the lands granted by the act should be conveyed to the company, the cost of surveying, selecting, and conveying said lands should first be paid into the treasury of the United States by the company or party in interest."

It was conceded that the company had in all things complied with the terms of the grant and fulfilled all conditions,

saving only the requirement that it pay the cost of survey-
ing, selecting and conveying the land. The court held that
the land was not taxable, saying:

"While we recognize the doctrine heretofore laid down by
this court, that lands sold by the United States may be taxed
before they have parted with the legal title by issuing a pat-
ent, it is to be understood as applicable to cases where the
*right* to the patent is complete, and the equitable title is
fully vested in the party without anything more to be paid,
or any act to be done going to the foundation of his right.
The present case does not fall within that principle  .   .   .

"If the company have such an interest in these lands that
they can be sold by the state under her power of taxation,
then the title is divested out of the government without its
consent, and the right to recover the money expended in the
surveys is defeated. As the government retains the legal
title until the company or some one interested in the same
grant or title shall pay these expenses, the state cannot levy
taxes on the land, and under such levy sell and make a title
which might in any event defeat this right of the Federal
government reserved in the act by which the inchoate grant
was made."

This case has been repeatedly followed, but counsel submit
the cases, *Central Pac. R. Co. v. Nevada*, 162 U. S. 512, and
*Maish v. Arizona*, 164 U. S. 599, as holding a contrary doc-
trine. It is true that granted lands subject to the perform-
ance of the condition of the act, that is, the payment of cost
of surveying, selecting and conveyance, were held to be tax-
able in the cases cited. But it will be seen that it was so
held under the express provisions of an amendatory act
passed July 10, 1886, 24 U. S. Stat. 143, and which by its
terms is limited to lands granted to railroads. The tax im-
posed by the state and a title acquired thereunder are made
subject to the unpaid lien of the United States.

We find nothing to take this case out of the general rule.
In this case the title, legal and equitable, is in the United
States and dependent upon a condition subsequent to the is-
suance of the preliminary receipt and precedent to the deed.

The equitable title is not in a purchaser possessing evidence of performance of a condition precedent. To paraphrase our holding in *Haumesser v. Chehalis County:* Appellant has not done everything, or performed every condition required of him to entitle him to a patent, and more is to be done by him before he can claim the issuance of a patent. The distinction between the cases relied on and the *Prescott* case is noticed and admitted in the *Haumesser* case. We said:

"Respondent relies upon *Kansas Pac. R. Co. v. Prescott,* 16 Wall. 603. But that was a case where the court held that the equitable title had not fully vested in the railway company because the railway company had not paid the cost of the survey as required by the act granting the land to it. That was an act going to the foundation of the right to the land. In this case, the final certificate was issued upon proofs, and the equitable title thereby fully vested in the settler."

Counsel says no time is fixed in the act for the making of improvements to the value of $300, and appellant may postpone compliance with the law indefinitely and thus defeat the rights of the state to tax property of which he is in full enjoyment.

This may be true, but it is the fault of the law. If appellant does not in good faith comply with the terms of the grant, the government has its remedy and can exercise it as it has done in other cases. Its power to grant upon any terms cannot be made the subject of either legal or equitable inquiry by the state. A state cannot, even under the broad power of taxation, revise the terms of, or interfere with, Federal grants, however unreasonable they may appear to be, nor can it embarrass the government in any way in the disposition of that which is its own.

Reversed, and remanded with directions to enter a decree in favor of appellant.

MORRIS, C. J., HOLCOMB, MOUNT, and MAIN, JJ., concur.