[No. 14256.   Department Two.   February 5, 1918.]

MIKE NYMAN, *Appellant,* v. ERICK ERICKSON *et al.,*
*Respondents.*[1]

PUBLIC LANDS — HOMESTEADS — DEATH OF ENTRYMAN — RIGHT OF
HEIRS—"CITIZENS." An heir of a homestead entryman, born in the
United States of foreign born unnaturalized parents residing in the
United States, is a citizen of the United States within U. S. Rev. St.,
§§ 2291, 2292, granting to heirs who are citizens of the United States
the right to prove up and receive patent on death of the entryman
before final proof.

SAME. In such case, it is immaterial that the heir was an infant
incapable of taking the oath of allegiance under Id, § 2291, since
§ 2292, provides for a sale and application of the proceeds for the
benefit of such minors.

SAME — FINAL CERTIFICATE — SUSPENSION — WHEN TITLE VESTS.
Where a final certificate "to the heirs" of a deceased homestead
entryman, issued on proof made by one not an heir because only of
collateral kindred, was suspended, and thereafter patent issued in
accordance with the final certificate, the patent inured to the bene-
fit of heirs who had become citizens since the issuance of the certif-
icate at the time the patent was ordered; since the title did not vest
while the final certificate was suspended.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered November 18,
1916, upon findings in favor of the defendants, in an
action to quiet title, tried to the court.   Affirmed.

*J. Henry Smith* and *W. D. Gillis,* for appellant.

*D. W. Craddock* and *James Zylstra,* for respondents.

HOLCOMB, J.—This was an action brought by appel-
lant to quiet title in himself in and to the lands de-
scribed in his complaint, acquired under the homestead
laws of the United States and patented by the govern-
ment of the United States to the heirs of Erick Nyman.
On May 20, 1902, Erick Nyman, an alien, subject of
Russia, having previously declared his intention to be-

[1]Reported in 170 Pac. 546.

come a citizen of the United States, made the homestead entry. He continued to reside upon and otherwise comply with the requirements of the homestead laws until January 11, 1908, when he died intestate and without having submitted his final proof on the homestead entry and without having either applied for or been admitted to citizenship of the United States prior to his death. He left surviving him a widow who had never left her native land, Iceland, and also a son and daughter, Erick Erickson and Anna Eliza Johnson, the wife of John Johnson, all of whom were, at the time of his death, aliens and subjects of Russia, and were not admitted to citizenship in the United States until September 11, 1911; also appellant, a brother, who, at the time of the death of his brother Erick, had declared his intention to become a citizen of the United States and, on November 28, 1908, was admitted to citizenship; also a granddaughter, Esther Gustafson, a minor, child of a deceased daughter of the entryman, born in Wisconsin, June 2, 1906, which date is also the date of her mother's death.

Appellant submitted final proof at the United States land office in Seattle for and on behalf of the heirs of his deceased brother, the entryman, which final proof was received and approved by the register and receiver of the local land office and a final certificate issued to the heirs of Erick Nyman, deceased, July 1, 1909. But on April 29, 1910, the commissioner of the general land office rejected the final proof as made by appellant as being made by an unauthorized person, one who was not an heir of the deceased entryman under the laws of the state of Washington, and it was at the same time ordered that the children of the deceased entryman who lived in Wisconsin, only two of whom were then known, viz., Erick Erickson and Anna Eliza Erickson

Johnson, were to be notified of the cancellation of the entry and of the holding of final proof for rejection.

Further proceedings were had before the commissioner of the general land office and the department of the interior, which ultimately resulted in a final decision by the secretary of the interior, confirmed by the board of equitable adjudication of the department, to the effect that the proof as made of the residence and cultivation of the land in controversy by Erick Nyman, the entryman, would be received as proof of the entryman's compliance with the law, and although made by an unauthorized person not entitled to inherit under the laws of the state of Washington, would still be considered as sufficient proof of compliance with the homestead laws; and it having appeared during the pendency of the proceeding that the two children before named had become citizens of the United States on September 11, 1911, the entire proofs would stand and patent would issue by the government to the heirs of the deceased entryman, "leaving to the courts the determination of the question whether the equitable title, which passed from the government upon the submission of proof that the law had been complied with, vested in Mike Nyman or in the children of the entryman who have since become qualified to acquire title under the homestead law." This final decision was made by the department of the interior on March 28, 1913, and the patent thereafter issued in conformity with the final receipt which had been issued to the heirs of Erick Nyman, deceased, by the commissioner of the local land office at Seattle on July 1, 1909.

During the pendency of this action, it was discovered that Mary Gustafson, a daughter of the deceased entryman, had left an infant daughter, born on the day of her death, June 2, 1906, in the United States, in the state of Wisconsin. Upon this discovery, application

was made by respondents that Esther Gustafson be made a party to the action as being one of the necessary and proper parties for the determination of the question of who are the heirs of Erick Nyman, deceased.

The principal questions are (1) when did title vest, and (2) in whom did title vest.

Appellant strenuously urges that title vested on July 1, 1909, when the local land office issued its final receipt. This contention loses sight of the fact, however, that the final proof for which the final certificate was given was suspended by the commissioner of the general land office, and the entry of the deceased was held for cancellation as to appellant and subject only to the rights of the heirs of the deceased, who were notified, made parties to the proceedings before the general land office, furnished further proofs on their own behalf, became citizens of the United States before the matter was finally determined, and when the matter was finally determined were entitled to all the benefits of the homestead law.

Appellant cites *Bolton v. La Camas Water Power Co.,* 10 Wash. 246, 38 Pac. 1043, *Wildy v. Henry,* 86 Wash. 387, 150 Pac. 620, and *Towner v. Rodegeb,* 33 Wash. 153, 74 Pac. 50, 99 Am. St. 936, as sustaining his contention that, (a) title passed when the final proof was made and final certificate issued; (b) that, when it so passed, it then became vested in the person or persons, and only the person or persons who at that time were citizens of the United States and entitled to a patent; and (c) that they, the alien descendants of the entryman, were incompetent at that time to make the necessary proof and secure title to the homestead and could in no such case be considered under the homestead laws of the United States as the heirs in whom

the title vested when it was passed by the United States.

The trouble with all this is that the department having to do with the question of to whom the patent should issue, in conformity with the statutes and its constant practice, issued its final certificate to the heirs of Erick Nyman, deceased, and thereafter, after the matter had been finally determined by the department, ordered patent to issue in conformity therewith. But the department also at all times held that appellant was not entitled, as an heir *under the laws of this state,* to make final proof. It thereafter considered that the proof made by him was made to inure to the benefit of the heirs of the deceased entryman, leaving for the courts to determine who were the heirs under the laws of the state of Washington, and that he was estopped to withdraw the final proofs made by him of the entryman's full compliance with the homestead law. Under the laws of the state of Washington (Rem. Code, § 1341), when the decedent leaves issue and no widow, his estate goes to his issue, including the representatives of any deceased children. It does not go to the collateral kindred such as appellant except in the lack of a surviving widow or issue. Appellant was, therefore, as correctly decided by the general land office and the department of the interior, not an heir of the deceased entryman, while at the time of the final proof at least the grandchild Esther Gustafson undoubtedly was. She was born in a state of the United States, and whether her parents were naturalized or not, under the constitution she is a natural born citizen of the United States entitled to the benefits of all the laws of the United States and of the state. U. S. Const.; art. 14, § 1. The showing that she was a child of a deceased daughter of the deceased entryman, born and living in the United States, not being controverted by appellant,

conclusively establishes her status as an heir, and under the law she would be entitled to inherit whether there were any other heirs entitled to inherit or not. It was also necessary to make her a party to the action to determine the inheritance and the questions at issue in this case under our statutes. Rem. Code, §§ 189, 196.

And it was immaterial whether she could and did make oath of allegiance as required by § 2291, Revised Statutes of the United States, cited by appellant to the effect that her inability to take such oath on account of her infancy would prevent her from taking any interest in the land, because in such case § 2292, Revised Statutes of the United States provides for the sale and application of the proceeds of a homestead entry for the benefit of minor children incapable of complying with the homestead laws. In such case, if there were both adult and minor heirs, they would take share and share alike and provision is made for the sale of the land. *Bernier v. Bernier,* 147 U. S. 242.

But we are of the opinion that Erick Erickson and Anna Eliza Johnson were legal heirs of the deceased entryman at the time the title vested, and became vested as tenants in common with Esther Gustafson each of a one-third interest in and to the land. While it is true that the heirs considered by the homestead entry laws as heirs of a deceased entryman are only those who are capable of completing residence and other requirements where the entryman dies before he has completely complied with the homestead laws, as decided in *Berbstrom v. Svenson,* 20 N. D. 55, 126 N. W. 497, Ann. Cas. 1912C 694, and as contemplated by United States Revised Statutes, §§ 2290, 2291, yet, where the title was suspended and never vested any interest in appellant, he was entitled to nothing under the laws of the state of Washington and was held to be entitled to nothing by the decision of the general land

office and the department of the interior under the laws
of the United States, except as determined by the laws
and the courts of the state of Washington. There be-
ing at least one legal heir of the deceased entryman
capable of taking the homestead or the proceeds there-
of under the Federal statutes, it is of no concern to ap-
pellant who the other heirs are. He cannot establish
title upon the weakness of that of his adversaries, but
only upon the strength of his own. Respondents are
here united in asserting and claiming title in them-
selves in common. In effect what the department did
was to hold the title to this particular homestead entry,
as well as the seven-year limitation for making final
homestead proof, in suspense until the rights of Erick-
son and Johnson had accrued by their becoming citi-
zens of the United States. They would then have been
entitled to make final proof and receive title for the
benefit of the heirs of the deceased entryman, which
appellant was not. It is true that, under the statutes
and decisions of the supreme court of the United
States, the heirs succeeded to such rights not by in-
heritance but by virtue of the law which merely grants
to them preference rights. *Towner v. Rodegeb,* 33
Wash. 153, 74 Pac. 50, 99 Am. St. 936. But the prefer-
ence rights so granted are to the lawful heirs of the de-
ceased entryman. Those rights are governed generally
as of the time when the title passed from the United
States, and it is generally held that title passes from the
United States when the final certificate issues from the
land office to the person or persons who made final
proof on the entry. But here that final proof and final
certificate were suspended for the benefit of all the heirs
of the deceased entryman. Upon finally ordering pat-
ent to issue to the "heirs of decedent," it was not neces-
sary to order a new final certificate to issue, as the
original one was issued to "the heirs of Erick Nyman,

deceased.'' Although that order required that patent
issue in accordance with the final certificate, and the
final certificate was dated July 1, 1909, that final cer-
tificate had been suspended and ineffectual from July
1, 1909, until the order for the patent issued. At that
time, as heretofore stated, the two children of the de-
ceased entryman and the grandchildren were qualified
under the homestead law to acquire the preference
rights, and at that time, under the laws of the state of
Washington, they were heirs, and the only heirs, of the
deceased entryman who were entitled to take title.

We consider the lower court correct in quieting title
in the respondents. Decree affirmed.

ELLIS, C. J., MOUNT, MORRIS, and CHADWICK, JJ., con-
cur.