MORK, APPELLANT, *v.* MELLETT ET AL., HOYT, INTERVENER, RESPONDENTS.

(No. 4,677.)

(Submitted February 7, 1922. Decided March 6, 1922.)

[205 Pac. 664.]

*Public Lands—Homesteads—Death of Entryman Before Final Proof—Patents—Heirship—Rights of Alien Heirs.*

Public Lands—Homesteads—Death of Entryman Before Final Proof—Patent—Heirship—How Determined.
1. Where an entryman upon public land dies intestate before final proof, leaving no widow or minor child, the practice of the Land Department is to issue patent to the heirs or devisees, the land department leaving it to the courts of the state in which the land is situate to determine under its laws of succession who are the heirs or devisees of the deceased and the extent of their respective rights.

[62 Mont. 477.]

Same—Death of Entryman Before Final Proof—Patent—Alien Heir can-
not Take.

2.  Though under section 7088, Revised Codes of 1921, a resident
alien may take by succession as a citizen, under section 2291, United
States Revised Statutes, patent to homestead land can issue only to
citizens of the United States, and therefore the alien mother of an
entryman who died intestate before final proof had been made was
not entitled to take a one-half interest in the homestead under a
patent subsequently issued to the decedent's heirs and devisees.

*Appeal from District Court, Hill County; W. B. Rhoades,
Judge.*

ACTION by Anna Mork against Cyrus Mellett and others,
heirs, *etc.*, of Hannah Mellett, deceased, to determine plain-
tiff's heirship to an interest in decedent's homestead.  From
a judgment awarding the property to the defendant Cyrus
Mellett and the intervener, Annette M. Hoyt, plaintiff appeals.
Affirmed.

*Mr. H. S. Kline* and *Mr. C. B. Elwell,* for Appellant and
Intervener Hoyt, submitted a brief; *Mr. Elwell* argued the
cause orally.

*Mr. C. R. Stranahan,* for Respondents, submitted a brief, and
argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that on June 2, 1910, one Hannah
Mork made homestead entry under the laws of the United
States for a tract of land now located in Hill county and that
subsequently she married the defendant Cyrus Mellett.  Later
she died intestate, and left no heirs or next of kin other than
her husband, the defendant Cyrus Mellett, her mother, the
plaintiff, Anna Mork, and her sister, the intervener, Annette
Mattie Hoyt.  After her death the defendant Cyrus Mellett,
on or about March 25, 1913, made final proof on the home-
stead, paid all the expenses necessary and incident thereto,

2.  On inheritance by alien of patented lands, see notes in **Ann.
Cas.** 1912C, 698; 31 **L. R. A.** 180.

amounting to the sum of $25.50, and register's certificate for the land was duly issued by the United States Land Office at Havre, Montana, on April 21, 1915, to the "heirs of Anna Mellett, formerly Anna Mork." At the time of the making of the final proof on the homestead entry and of the trial, it appears that the plaintiff, Anna Mork, was not a citizen of the United States, and that the defendant Cyrus Mellett, and the intervener, Annette Mattie Hoyt, were at the time mentioned and now are, such citizens. The action was commenced in Hill county by the plaintiff to have her rights decreed to the property in question as an heir. The defendant having denied the right of the plaintiff to succeed as an heir to the estate because of her alienage, the sister of the deceased, Annette Mattie Hoyt intervened, praying that, in the event of the plaintiff being denied her rights alleged as an heir to the deceased, intervener, as such sister of the deceased, be decreed entitled to an undivided one-half interest in the property. Upon issue joined, the case was tried to the court without a jury. Findings of fact and conclusions of law were made, wherein and whereby the plaintiff was denied the right of succession as an heir to any interest in such homestead on account of her alienage, and that the defendant Cyrus Mellett and the intervener, Annette Mattie Hoyt, were each entitled to an undivided one-half interest in and to such homestead. Judgment was entered accordingly, from which the plaintiff appeals.

There is but one question involved in this appeal, namely: Was the plaintiff, an alien, entitled as an heir to succeed to an interest in the homestead, and, if not, what are the rights of the surviving sister?

In this case the final certificate issued by the United States [1] Land Office is to the "heirs of Hannah Mellett, formerly Hannah Mork," without other words to more definitely designate those in whom the equitable title vests, and, ordinarily, to determine those thus made beneficiaries, resort must be had to the statutes of the state. Since the United States has no general law of succession, the heirs must be found by the law of

the state or territory in which the land is situated, and comprise those whom the law appoints to succeed to a decedent's estate, in case he dies without disposing of it by will. It is the practice of the Land Department of the government to issue patents to the "heirs or devisees" in case of the death of the entryman leaving no widow or minor children, and to leave it to the courts to determine who are the heirs or devisees of the deceased, and the extent of their respective interests. (22 R. C. L. 330; *Hayes* v. *Wyatt,* 19 Idaho, 544, 34 L. R. A. (n. s.) 397, 115 Pac. 13.)

In *Caldwell* v. *Miller,* 44 Kan. 12, 23 Pac. 946, the court said: "Congress has not defined the term 'heirs.' * * * Therefore, to determine who are meant by the words in the patent, 'heirs of Robert Titus, deceased,' we think, we must look to the statutes of this state. 'It seems scarcely necessary to say that this is purely a question of statutory law.' (*McKinney* v. *Stewart,* 5 Kan. 291.)"

In *Hutchinson Invest. Co.* v. *Caldwell,* 152 U. S. 65, 38 L. Ed. 356, 14 Sup. Ct. Rep. 504, sustaining and affirming the decision in the last cited case, the court said: " 'It is an established principle of law everywhere recognized, arising from the necessity of the case, that the disposition of immovable property, whether by deed, descent, or any other mode, is exclusively subject to the government within whose jurisdiction the property is situated' [*United States* v. *Fox,* 94 U. S. 315, 320, 24 L. Ed. 192]; and although Congress might have designated particular grantees to whom the land should go in the first instance, it did not do so, nor make use of words indicative of any intent that the law of the state should not be followed. * * * The object sought to be obtained by Congress was that those who would have taken the land on the death of the pre-emptor, if the patent had issued to him, should still obtain it notwithstanding his death, an object which would be in part defeated by the exclusion of any who would have so taken by the local law if the title had vested in him."

Under our statute of succession, the deceased having died
[2] intestate, her estate descends one-half to her surviving
husband and the remaining one-half to her surviving mother,
or, if the mother be considered as nonexistent, then to the sur-
viving sister. (Sec. 7073, Rev. Codes 1921.)

The right to inherit is dependent upon the will of the legis-
lature, except in so far as its power in this regard is restricted
by constitutional provision; hence an alien or foreigner may
inherit lands or take by law only by grace of the state within
the boundaries of which they are situated. (*In re Colbert's
Estate,* 44 Mont. 259, 119 Pac. 791.)

Section 7088, Revised Codes of 1921, provides in part as
follows: "Resident aliens may take in all cases by succession
as citizens; and no person capable of succeeding under the pro-
visions of this chapter is precluded from such succession by
reason of the alienage of any relative.   *   *   *   "

If, in this case, our general law of succession is applicable,
then there is no question as to the mother's rights as an heir.
Section 2291 of the Revised Statutes of the United States
(U. S. Comp. Stats., sec. 4532) provides in part as follows:
"No certificate, however, shall be given or patent issued there-
for until the expiration of three years from the date of such
entry; and if at the expiration of such time, or at any time
within two years thereafter, the person making such entry, or
if he be dead his widow, or in case of her death his heirs
or devisee, or in case of a widow making such entry her heirs
or devisee, in case of her death, proves by himself and by
two credible witnesses,   *   *   *   that he, she, or they will
bear true allegiance to the government of the United States,
then in such case he, she, or they, if at that time citizens of
the United States, shall be entitled to a patent, as in other
cases provided by law.   *   *   *   "

Our statutes of succession must in this instance be applied
with reference to the specific limitations contained in the
Homestead Act. (Section 2291, Rev. Stats.) The government,
being the donor, may place such limitations or restrictions on

the grant as it sees fit; and the laws of succession of the state must be applied with respect thereto. So that, while ordinarily the mother, though an alien, would be entitled as an heir to succeed to the property belonging to her daughter upon the latter's death, yet a different rule must be applied in the case of homesteads as to which final proof has not been made. The United States statute expressly bars aliens. The language of the statute requires that the heir, in order to be entitled to succeed to the rights of the homestead entryman, *must be a citizen of the United States,* and such has been generally the holdings of the courts and Land Department.

"The heirs succeed to the rights of the homesteader not as heirs who have inherited his title, but because the law gives them preference as new homesteaders, allowing to them the benefit of the residence of their ancestor upon the lands." (32 Cyc. 834.)

In the case of *Towner* v. *Rodegeb,* 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50, the supreme court of Washington said: "The homestead law vests the rights in the land in the claimant himself, for his exclusive benefit, and if he die before patent issues, leaving no widow, then in his heirs or devisees, if they be at the time citizens of the United States."

Alien heirs have no right to perfect the entry of a deceased homesteader; and this is the rule even though, under the local state statute, where the land is situated, they might inherit had the deceased entryman left an estate. (22 R. C. L. 331; *Bergstrom* v. *Svenson,* 20 N. D. 55, Ann. Cas. 1912C, 694, 126 N. W. 497.) The case last cited presents a state of facts almost identical with those here involved. There it appears that one Axel Bergstrom made a homestead entry on certain government land in the state of North Dakota, and before final proof died intestate, leaving surviving him the plaintiff, his brother, a citizen of the United States, and resident of North Dakota, and also the defendant, his mother, an alien, who was a citizen and resident of Sweden. In an action between the surviving brother as plaintiff against the mother, to have de-

termined the respective rights of the parties to succession under section 2291 of the Revised Statutes of the United States, Mr. Justice Fisk, speaking for the court, said in part as follows: "It is entirely clear from a reading of the above statute [section 2291, Rev. Stats.] that alien heirs are incapable of making final proof, even though under the local state statute where the land is situated they might inherit had the deceased entryman left an estate. *  *  * It is contrary to the whole policy of the homestead law that persons not citizens of the United States, may, under any conditions, acquire title thereunder. This is manifest from the various provisions of the Act limiting the beneficiaries thereof to persons only who are citizens. While, as stated by counsel for appellant, defendant is, under our state statute, the sole heir of Axel Bergstrom, and as such would, although an alien inherit any property left by him, still such fact is in no manner controlling. Axel Bergstrom had no estate in such homestead, and hence could leave no inheritable interest therein. He merely possessed an inchoate right therein—a mere preference right to obtain title upon compliance with the homestead act. This is expressly conceded, and counsel for appellant make no claim to any rights through inheritance under the state statute; their contention being that their client takes by purchase from the government. In other words, they contend that the patent grants the land to defendant the same as if she had been specially designated as the sole grantee therein. Such contention is based upon the postulate that the patent names the grantee as the 'heirs of Axel Bergstrom,' and that the state statute must alone be consulted to determine who are such heirs. This line of reasoning is quite persuasive, but we think it fallacious. It runs counter to the express language of the federal statute above cited, as well as to the well-recognized policy of the government in enacting the homestead law. In the light of such statute, it is, we think, reasonably clear that the words 'the heirs of Axel Bergstrom,' as used in the patent, must be construed to mean the persons who are capable of making proof

under the provisions of section 2291, aforesaid. No other persons are entitled to a patent. Defendant, being an alien, was incapable of making proof, and, such being true, she is to all intents and purposes the same as if dead. It has been thus held by the Land Department of the government in sustaining the right of a person to make final proof, who, under the local state statute, would not inherit. (*Agnew* v. *Morton,* 13 Land Dec. 228.)'' We adopt and approve the language of Mr. Justice Fisk, as applicable in the case before us.

In applying to a like case the provisions of section 2291, Revised Statutes, the Land Department in the case above (*Agnew* v. *Morton,* 13 Land Dec. 228) said: "It is manifest that the father and mother, while citizens of Great Britain, cannot make proof and obtain patent for the land. Being thus incompetent, their right to make final proof and receive patent for the land while subjects of a foreign country is the same as if they had no existence."

We think the district court was correct in holding that the plaintiff, Anna Mork, being an alien, is without right or interest in the lands in question, and that the defendant, Cyrus Mellett, and the intervener, Annette Mattie Hoyt, are each entitled to an undivided one-half interest therein. The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper and Holloway concur.

Mr. Justice Reynolds, being absent, takes no part in this decision.