[No. 11736.  Department One.  April 8, 1914.]

M. WISE, *Plaintiff,* v. JOSEPHINE REED *et al., Defendants
and Respondents,* CARL W. SWANSON, *Garnishee
Defendant and Appellant.*[1]

GARNISHMENT—TRIAL—BURDEN OF PROOF. Where a garnishee ad-
mitted that he at one time held a note belonging to the judgment
debtor, which he had since transferred, it is proper to place the
burden upon him of explaining his possession.

APPEAL—REVIEW—HARMLESS ERROR. In an action tried to the
court, error in the admission of irrelevant evidence is harmless,
the judgment being sustained by other evidence.

GARNISHMENT—JUDGMENT—PERSONS CONCLUDED—INTERESTED WIT-
NESS. A garnishment being a proceeding *in rem,* a witness to whom
the property in question had been transferred who might have inter-
vened in the action, is bound by the judgment; hence it was not
error to fail to make her a party.

APPEAL—REVIEW—OBJECTIONS NOT MADE BELOW. In garnishment
proceedings on behalf of defendants against the plaintiff in the
original action, an assignment of error that the writ was directed
against the property of the "defendants" is technical, where no ob-
jection was made at the trial, and the issue was tried out and the
plaintiff was a witness and had opportunity to preserve his rights.

[1]Reported in 139 Pac. 753.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 9, 1912, against a garnishee, after a trial to the court. Affirmed.

*C. E. Ellis,* for appellant.

*Arthur W. Davis* and *Harry A. Rhodes,* for respondents.

CHADWICK, J.—Respondent Josephine Reed secured a judgment for $77.20 against one .M. Wise. Believing that appellant had property in his possession or under his control belonging to Wise, she sued out a writ of garnishment. Appellant answered, setting up that he had no property in his possession or under his control belonging to Wise, and that he was not indebted to him; that, some time prior thereto, he had held a note for $130 which belonged to M. Wise, with a view to collecting the same, but that this note had been sold and transferred to Lillie M. Martin. He asked for an attorney's fee of $40 for services rendered, and prayed to be dismissed. Respondent replied, alleging that the transfer of the note was fictitious and made for the purpose of defeating her judgment. The case was tried before the court without a jury. The court found that the note in question was the property of Wise, and that respondent was entitled to its possession, subject to a charge of $30 for services performed by appellant.

Appellant assigns many errors, but, as we read the record, the sole question to be determined is whether the transfer of the note was genuine, or if, as respondent contends, it was made for the purpose of defeating her judgment.

Appellant first contends that the court erred in putting the burden of proof upon the garnishee defendant. The garnishee defendant had theretofore in open court admitted that he had property in his possession belonging to Wise. The court went no further than to require him to explain his possession. We do not understand that any burden was put upon him that the law does not impose. His admission was a circumstance, and when coupled with other circum-

stances developed by competent testimony, we have no doubt that the court made a proper finding of fact.

It is complained, also, that certain evidence was improperly admitted over the objections of appellant. Admitting, but without holding, that some of the testimony was irrelevant, there was still evidence sufficient to charge the appellant.

It is also assigned as error that the court erred in rendering judgment without the presence of Lillie M. Martin, and without bringing her in as a party. A garnishment is a proceeding *in rem*. Mrs. Martin was a witness in the case, and might have intervened if she had desired so to do, and she is now estopped to assert title to the note in an independent proceeding.

The next assignment of error is that the writ of garnishment was directed against the property of the defendants in the original action. No objection was taken to the form of the writ on the trial. Appellant answered, and the true issue was tried to its conclusion. Wise was also a witness at the trial and had every opportunity to preserve his rights, if any. He neither answered nor asked for relief by way of intervention. The objection is purely technical and without merit.

The evidence amply sustains the findings and the judgment of the court below. Affirmed.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.