[No. 11736.   Department One.   June 8, 1915.]

M. WISE, *Plaintiff*, v. JOSEPHINE REED *et al.*, *Defendants and Respondents*, CARL W. SWANSON, *Garnishee Defendant and Appellant.*[1]

GARNISHMENT—PROTECTION OF GARNISHEE'S LIEN—ATTORNEY AND CLIENT—LIEN FOR SERVICES. Where a garnishee defendant had, as an attorney, the possession of and a lien upon the note which was the subject of controversy between the principal parties, upon determining the title to the note, it is error to order delivery of the note subject to the attorney's lien, to be paid to the garnishee when the note is paid; and the order for delivery should first provide for payment of the attorney's lien.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 9, 1913, against a garnishee, after a trial to the court. Modified.

*C. E. Ellis*, for appellant.

*Arthur W. Davis* and *Harry A. Rhodes*, for respondents.

ON REHEARING.

PER CURIAM.—As said in our former opinion, 79 Wash. 134, 139 Pac. 753, the delivery of the note mentioned therein to respondent was subject to the payment of $30 to the gar-

[1]Reported in 149 Pac. 325.

nishee appellant, who is an attorney at law and who had rendered services for the principal defendant. He had possession of the note and asserts a lien thereon. The trial judge ordered that the garnishee defendant deliver the note to the sheriff and that it be delivered "by the sheriff to the said Josephine Reed subject to the claim of thirty ($30) dollars, payable to the said garnishee defendant upon said note being paid."

Appellant has filed a petition asserting that such order is destructive of his lien; that, in lieu thereof, he is put to an independent remedy and the hazard of the financial responsibility of the judgment creditor. While it is likely that the trial judge did not so intend, the order is susceptible to the construction put upon it by counsel.

Appellant, the garnishee defendant, appealed to this court, setting up many assignments of error, most of them going to the merit of the case, and to sustain the title of Mrs. Lilly M. Martin, who claimed to be the owner of the note. He did not set up any claim of lien in his pleadings, nor did the court make a specific finding that he had a lien, although that is the effect of its finding and judgment.

The power of the court is measured by the statute, and under a strict interpretation, if appellant had an interest payable out of the note, the court was powerless to order it turned over to the sheriff and by him to be turned over to the judgment creditor.

The order of the court will be modified to this extent: that appellant shall turn the note over to the sheriff upon payment of $30 by the judgment creditor, Miss Josephine Reed. The merit of the case having been sustained by respondent, she will recover her costs.