[No. 15206. Department One. February 27, 1919.]

GEORGE H. SAAR *et al., Appellants,* v. W. C. WEEKS
*et al., Respondents.*[1]

APPEAL AND ERROR (282)—STATEMENT OF FACTS—NECESSITY—DIS-
ALLOWANCE OF AMENDMENT. Error cannot be predicated upon the
disallowance of an amendment to an answer, in the absence of a
statement of facts containing the showing made before the trial
court.

DISCOVERY (15)—INSPECTION OF WRITING—MATERIALITY. It is not
error to refuse to allow plaintiff an inspection of writings, where
defendants struck out all reference thereto, and plaintiffs set out
the agreement verbatim in their reply.

JUDGMENT (200)—CONCLUSIVENESS—PERSONS CONCLUDED—PRIVITY.
In an action to quiet title, an answer pleading a former adjudica-
tion as to the title against the K. lumber company and that plaintiff
was identified in interest with such company states facts constitut-
ing a defense.

TRUSTS (20)—CONSTRUCTIVE TRUST—FRAUD. Property obtained
through the fraudulent practices of a third person will be held un-
der a constructive trust for the person defrauded although the per-
son receiving the benefit was innocent of collusion, since he adopted
the means by which it was procured.

DISCOVERY (10)—FAILURE TO ANSWER INTERROGATORIES. Default is
properly taken against plaintiffs who refuse to answer interroga-
tories submitted by defendants calling for facts material to the
defense.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered February 23, 1918,
dismissing an action to quiet title, on plaintiffs' de-
fault in failing to answer interrogatories. Affirmed.

*John G. Barnes,* for appellants.
*Peters & Powell,* for respondents.

TOLMAN, J.—The appellants, as plaintiffs below, on
November 19, 1910, filed their complaint in an action

[1]Reported in 178 Pac. 819.

to quiet title to certain real estate, in King county, Washington. The complaint was in the usual form, alleging ownership, the right of possession, that the land was vacant and unoccupied, and that the defendants, respondents here, made an adverse claim of ownership which constituted a cloud upon plaintiffs' title. They prayed for a judgment establishing their title in fee simple, adjudging that defendants had no right or interest therein, and prayed for costs and general relief. After demurring unsuccessfully, defendants answered with a general denial, a deraignment of their title and claim of ownership in fee simple, and a plea of another suit pending between the same parties involving the same controversy. To this answer, plaintiffs replied with appropriate denials and a claim of title through patent from the United States government to the heirs of Maggie Thrasher, deceased, and deeds from Pearl I. Wise and Charles Edward Thrasher.

Nothing further was done in the case for several years, and finally, on May 4, 1916, defendants moved to dismiss plaintiffs' complaint for want of prosecution, which motion was denied. Afterwards, upon leave of court, defendants filed an amended answer consisting of: (1) Denial of plaintiffs' claim; (2) Deraignment of title from the government, substantially as set forth in the original answer; (3) Payment of taxes in good faith for a period of seven successive years under color of title; (4) Estoppel by *res judicata,* in that, in a suit between the Kent Lumber Company and Arthur Clark (who was defendants' grantor) involving title to the same lands, Clark had been adjudged to have a merchantable title in fee simple, and that George H. Saar was identified with the Kent Lumber Company in any title it had or

claimed in the lands and in the prosecution of the suit; and (5) That Saar and wife, if they had any title, were in equity trustees for the defendants with respect thereto, by reason of the fact that, in April, 1909, the Kent Lumber Company had entered into an agreement with Arthur Clark to buy the lands in question for $12,000; that Clark furnished to the Kent Lumber Company an abstract for examination, and received $500 earnest money, to be returned, however, if the title proved to be unmerchantable; otherwise to be retained by Clark as a forfeit; that the Kent Lumber Company refused to take the title without excuse, and refused to pay the balance of the purchase money; and that, in the meantime, its attorney, John G. Barnes, counsel for the plaintiff in this action, sought out Charles Edward Thrasher and Pearl I. Wise, and represented to them that Arthur Clark was trying to sell this property and deliver title, and it being claimed that they were the heirs of Maggie Thrasher, to whom the patent from the government actually ran, Clark could not deliver clear title without a deed from them; that Clark had acquired title by devise from Maggie Thrasher to Mary Damburat, her mother, and by deed from Mary Damburat and her husband; that Charles Edward Thrasher and Pearl I. Wise, being then aware of Clark's claim of title and of its history, then stated to said Barnes that they had no interest in or title to the property, but, solely to perfect Clark's title, they would execute deeds therefor; and that they did in fact execute deeds, drawn by said Barnes, running to George H. Saar, for the sole purpose of perfecting Clark's title, for which deeds, and against their protest that they had nothing to sell, the said Barnes paid them each $25 as a consideration; that Charles Edward

Thrasher and Pearl I. Wise were ignorant of business affairs, made the deeds without advice, and with the sole intention of curing the title in Arthur Clark, and that the defendants, respondents here, obtained title through Arthur Clark, in good faith, for a valuable consideration, by deed of general warranty. Also, by way of counterclaim, in the event that plaintiffs should prevail, defendants demanded the repayment to them of taxes paid out upon these lands from 1902 to 1915.

Plaintiffs moved to make the answer more definite and certain, and demanded an inspection or copy of a written agreement between Maggie Thrasher and Clark, referred to in the first affirmative defense; and the court having granted the motion to make definite and certain, in part, and denied inspection, a second amended answer was filed, setting up the same defenses as hereinbefore outlined.

Plaintiffs demurred to the fourth and fifth affirmative defenses, as set up in the second amended answer, which demurrers were overruled; and thereafter they replied, with appropriate denials, and set up new matter not inconsistent with their complaint. Thereafter the defendants served and filed forty-four interrogatories, addressed to the plaintiffs, who answered two, and moved to strike all of the remainder. The motion to strike was denied. Plaintiffs failed to answer any of the remaining forty-two interrogatories; and thereafter defendants moved to strike from the files the plaintiffs' complaint, bill of particulars, replies, etc., and asked for judgment of dismissal, and for costs, because of plaintiffs' failure and refusal to answer such interrogatories. This motion was granted, plaintiffs' pleadings were stricken, the case dismissed, and a judgment entered in favor of defendants for costs, from which judgment this appeal is taken.

It is contended that the court erred in permitting defendants to amend their answer, upon the ground that no sufficient showing was made therefor. As no bill of exceptions or statement of facts is brought up, we are unable to determine what was before the trial court at the time the amendment was permitted, and, therefore, we cannot say that the trial court abused its discretion or committed error in this respect.

It is next complained that the court erred in refusing to allow an inspection of the written agreement alleged in the deraignment of title to have been made between Maggie Thrasher and Arthur Clark. But since, on motion being made for such inspection, the defendants struck all reference to the written agreement from their answer, we cannot say that the court erred; and assuredly it did not by its ruling injure plaintiffs, because, in their reply, they set out what purports to be a verbatim copy of this same agreement, and hence needed no inspection.

Nor can we find that the trial court erred in overruling the demurrers to the affirmative answers. The fourth affirmative answer pleads that the judgment in the case of Kent Lumber Company v. Clark, was rendered upon the issue of whether or not Arthur Clark, who conveyed to defendant by deed of general warranty, had a merchantable title in fee to the lands in question; and that George H. Saar, one of the plaintiffs in this suit, was identified in interest with the Kent Lumber Company in that suit. We think this answer stated facts constituting a defense, under the law as laid down by this court in *Smalley v. Laugenour*, 30 Wash. 307, 70 Pac. 786; *Nunn v. Mather*, 60 Wash. 484, 111 Pac. 566; and *State ex rel. Olding v. Stampfly*, 69 Wash. 368, 125 Pac. 148.

The demurrer to the fifth affirmative defense was also properly overruled.

"So property obtained by one through the fraudulent practices of a third person will be held under a constructive trust for the person defrauded, though the person receiving the benefit is innocent of collusion. If such person accepts the property, he adopts the means by which it was procured." 1 Perry, Trusts (5th ed.), § 211.

See, also, *Hanold v. Bacon*, 36 Mich. 1; *Gates v. Kelley*, 15 N. D. 639, 110 N. W. 770; *Larmon v. Knight*, 140 Ill. 232, 29 N. E. 1116, 33 Am. St. 229; *Rollins v. Mitchell*, 52 Minn. 41, 53 N. W. 1020, 38 Am. St. 519.

After a careful examination of the interrogatories submitted by the defendants, in connection with the defenses raised by the several answers, we are satisfied that they called for the discovery of facts material to support the defenses; and even under the rule laid down by this court in *Lawson v. Black Diamond Coal Min. Co.*, 44 Wash. 26, 86 Pac. 1120, upon which plaintiffs chiefly rely, there was no error in the ruling complained of. The interrogatories calling for facts material to the defenses, and plaintiffs refusing to make answer, the court could not do otherwise than grant the motion to dismiss.

The judgment appealed from is affirmed.

Chadwick, C. J., Mitchell, Main, and Mackintosh, JJ., concur.