[No. 17020. Department Two. July 15, 1922.]

CURTIS STUDIO OF SEATTLE, WASHINGTON, *Respondent*, v. N. LENNES, *Appellant*.[1]

REPLEVIN (33)—TITLE AND RIGHT TO POSSESSION—EVIDENCE—ADMISSIBILITY. In an action of replevin of photographic negatives, plaintiff's chain of title through divorce proceedings and subsequent transfers is admissible in evidence, although on a retrial the divorce record on appeal should be excluded as likely to confuse the jury.

SAME (33)—In such an action, a witness may testify as to the whereabouts of some of the property at the time of the divorce, though she had no personal knowledge as to the balance.

WITNESSES (82)—CROSS-EXAMINATION AS TO WRITINGS. Upon a witness testifying as to the title to property replevined, it is error to exclude cross-examination regarding a letter she directed her attorney to write, admitting defendant's title.

JUDGMENT (291)—ESTOPPEL—EVIDENCE—ADMISSIBILITY. Upon an issue as to whether the title to property replevined had been previously litigated, it is error to exclude evidence of the identity of the property.

SAME (291). Upon an issue as to whether the title to property replevined had been previously litigated, it is error to exclude evidence that one of plaintiff's officers was present at the trial of the former action, and as to her evidence therein on the subject of title.

REPLEVIN (14)—ACTIONS—DEFENSES—TITLE AND RIGHT TO POSSESSION. Since plaintiff in replevin must recover on the strength of its own title, it may not show that defendant, claiming an adverse

[1]Reported in 208 Pac. 79.

title, had ceased to have a corporate existence, since its successors would be entitled thereto.

JUDGMENT (222)—CONCLUSIVENESS—MATTERS IN ISSUE. In an action of replevin for certain photographic negatives, it would be a good defense that the title to the property had been involved and determined in a former action between the same parties for an injunction against the use of the negatives.

ESTOPPEL (33)—CLAIM OR POSITION IN JUDICIAL PROCEEDINGS. In an action of replevin, it would be a good defense that the title to the property was involved in a former action waged between parties under whom plaintiff is claiming, and that plaintiff's executive officers were in attendance, one as a party, one as a witness and one as attorney, urging a claim that defendant had title, contrary to plaintiff's claim in the present suit.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered September 30, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action of replevin. Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*John G. Barnes,* for respondent.

MACKINTOSH, J.—This is an action in replevin wherein the respondent is seeking to recover certain photographic negatives, of which it alleges it is the owner and to which it is entitled to possession, and of which the appellant has wrongfully obtained possession. The answer, after general denials, contains two affirmative defenses, the first one being that the question of ownership and right of possession had been determined in an action brought in the superior court of King county by this respondent against this appellant involving the same property, that action being one for an injunction against the appellant to restrain him from the use of the property in controversy for the reason that the respondent is the owner and entitled to possession thereof. The second affirmative defense

2—121 Wash.

is a plea in estoppel, alleging that, in an action in the United States district court for the western district of Washington, northern division, the North American Indian, Incorporated, a corporation, being plaintiff and being the employer of the appellant here, and Edward S. Curtis and Clara J. Curtis being defendants, Clara J. Curtis being the president of the respondent, and her attorney, who was one of the executive officers of the respondent, and Mrs. Curtis' sister, who was another officer of the respondent, the three of them being the only officers of the respondent, by their conduct at the trial of that case estopped the respondent corporation from asserting title to the property involved in this action. The case was tried to a jury, which resulted in a verdict in favor of the respondent, from which this appeal is taken.

The controversy in this case involves photographic negatives which were at one time the community property of Edward S. Curtis and Clara J. Curtis. The Curtis' were divorced by decree entered June 24, 1919, in which Mrs. Curtis was awarded all the property of the community situated in the Curtis Studio in Seattle, and it is her contention in this action that that decree included the property in dispute here. It is the contention of the appellant that, long prior to the divorce, this property had been conveyed to the North American Indian, Incorporated, a corporation, by whom the appellant is now employed. After the divorce decree, Mrs. Curtis sold and conveyed the Indian negatives to her sister, Mrs. Gates, who in turn conveyed the property to the respondent. Mrs. Curtis conveyed directly to the respondent the property known as the Roosevelt negatives. The respondent was organized as a corporation after the decree of divorce, by Mrs. Curtis,

Mrs. Gates, and counsel now representing the corporation here, who was also counsel for Mrs. Curtis.

Many assignments of error are made, which we will attempt to discuss in the order in which they have been argued.

(1) It is alleged that the court committed error in admitting as exhibits, on behalf of the respondent, the decree of divorce in the Curtis case and the conveyances from Mrs. Curtis to her sister and from Mrs. Gates to the respondent, and the conveyance from Mrs. Curtis to the respondent; also the exhibits showing an appeal from a decree of the superior court in the divorce case to the supreme court; also the minutes of the respondent in which it accepted the transfer of the property. We see no error in the admission of these exhibits, although exhibit F, the record of the divorce appeal in the supreme court, is not necessary, and if a retrial of this case is had it should be excluded, as it might be confusing to a jury and can serve no useful purpose.

(2) It is assigned as error that Mrs. Curtis was allowed to testify that the property involved in this action was in the Curtis studio at the time of the divorce decree. We find no error in this. Although her testimony shows that she had no personal knowledge as to all the property involved in this case, it was proper for her to testify as to the whereabouts of such property as she had personal knowledge of.

(3) Error is alleged in refusing to permit cross-examination of Mrs. Curtis regarding a letter which she directed her attorney to write, in which it is claimed she admitted and conceded the title of the North American Indian, Incorporated, to the property here concerned. The only defense to this alleged error is that the offer to show took place during the cross-examination of Mrs. Curtis, and it is argued it was im-

proper cross-examination. We do not so view it, and we take it that the court committed error in not permitting this testimony to be introduced for the purpose of showing that the respondent's title was without foundation.

(4) The trial court rejected the testimony of a witness called in behalf of the appellant in regard to the identity of the property involved here and the identity of the property involved in the action referred to in the appellant's second affirmative defense. If the appellant's second affirmative defense was properly in the case—a matter which we will discuss hereafter—it would tend to raise an estoppel against the respondent, and it was certainly material to determine in that event whether the same property was involved in both actions, and for that purpose the testimony offered should have been admitted.

(5) The trial court refused to allow testimony to be introduced in regard to the attendance of Mrs. Gates as a witness in the Federal court action and to allow testimony regarding what she swore to in that court. If, as we said in discussing the next preceding assignment of error, the appellant's second affirmative defense was properly in the case, it was material to show that Mrs. Gates, as one of the officers of the respondent, was present at the trial in the Federal court as a witness, and what her testimony was in regard to this property.

(6) It is next alleged as error that the court erred in allowing the respondent to present in evidence a certified copy of the articles of incorporation of the North American Indian, Incorporated, filed in New York in 1909, and also a certified copy of the articles of incorporation of the company bearing a similar name, organized just prior to the trial of this action.

This evidence was offered for the purpose of rebutting the testimony of the appellant's witnesses that the North American Indian, Incorporated, was the owner of the property in question here, and was introduced for the purpose of establishing the fact that such corporation had ceased to exist for the reason that the laws of New York provide the term of incorporation of a company shall be for ten years. We do not see how this testimony was of any materiality in the case. The burden was on the respondent to prove its title and right to possession and it can only succeed upon the strength of its own title and right to possession, and if the respondent failed to prove its contention that it had title and right of possession, would the fact that the existence of the North American Indian, Incorporated, may have terminated throw the property open to seizure by any one who might care to take possession? The successors of that corporation or its directors or trustees would have title, and the respondent's rights would not be increased or diminished by the fact that the corporate existence of the North American Indian, Incorporated, had ceased by the lapse of its corporate charter. Testimony such as this could do nothing but confuse the jury and present matters which were beyond the issues in the case, and not assist in arriving at a correct solution of the actual question involved.

(7) Assignment of error is made upon the admission of exhibits K, L, and M, but it is unnecessary to discuss this assignment, for the reason that this testimony will probably not be introduced in a retrial of the case.

(8) It is assigned as error that the court withdrew from the consideration of the jury the affirmative defenses of the appellant. Referring to the first affirma-

tive defense: If, in an action between the same parties as are here for an injunction to prevent the appellant from the use of the same property in dispute in this case, there was involved the question of title and possession which are involved in the present action, it was certainly erroneous for the court to withdraw that defense from the jury. It was also erroneous for the court to withdraw the defense of estoppel raised by appellant's second affirmative defense, the law being that persons, although not parties to a litigation, who are witnesses in the trial of a former action involving the same property, although between different parties, and who are fully acquainted with the character of the former action and the issues there involved, and are directly interested in the result and in sustaining the title in one of the parties to that action, are estopped by the judgment as fully as if they had been nominal parties thereto. *Douthitt v. MacCulsky,* 11 Wash. 601, 40 Pac. 186; *Shoemake v. Finlayson,* 22 Wash. 12, 60 Pac. 50; *Masterson v. Union Bank & T. Co.,* 86 Wash. 560, 150 Pac. 1126, L. R. A. 1918A 531. If it were shown in this case that, in the district court of the United States, an action was waged between the parties under whom the appellant is claiming title and the parties who are asserting title adversely thereto and making a claim in conformity with that now presented by the respondent, that the officers of the respondent (they being all the executive officers of the respondent) were in attendance upon that trial, one as attorney, one as a party, and one as a witness, and were familiar with all of the issues in that litigation, under the doctrine of the cases cited above, their conduct would estop the corporation, of which they are officers, from now taking a position contrary to that assumed by them at that time.

There are several other minor assignments of error which we feel do not merit special discussion.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.