[No. 19979.  Department One.  June 8, 1926.]

WILLIAM WADDELL et al., *Respondents,* v. FRANK M. ROBERTS, *as Sheriff of Lewis County et al., Appellants.*[1]

[1] APPEAL (414)—REVIEW—VERDICT—CONCLUSIVENESS. The verdict of a jury upon conflicting evidence is conclusive on appeal.

[2] SALES (96)—RIGHTS OF BUYER AS TO THIRD PERSONS—DELIVERY. Upon an issue as to plaintiff's title to motor cars, an instruction that, inasmuch as plaintiff's bill of sale was not recorded, delivery was necessary to complete the transfer, and if the jury found that there was no delivery at the time of the sale the verdict must be for defendant, cannot be complained of by the defendant.

[3] REPLEVIN (29)—EVIDENCE—PRESUMPTION—TITLE AND RIGHT TO PROPERTY. In replevin for motor cars levied upon as the property of another, there is no presumption of ownership by the third person from the fact of his possession at the time of the levy; since the attaching creditor is not a bona fide purchaser and takes only the title of his debtor.

[4] REPLEVIN (40)—TRIAL—INSTRUCTIONS—TITLE AND RIGHT TO POSSESSION. In replevin for motor cars, instructions upon an issue as to a transfer in fraud of creditors are not objectionable as misleading in that they do not refer to the issue as to delivery of the cars to plaintiff, where that issue was covered in other instructions.

[5] APPEAL (458)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE—FACTS ADMITTED. Error cannot be assigned on the exclusion of evidence of a fact that was admitted.

[6] EVIDENCE (36)—RELEVANCY—COLLATERAL FACTS. It is not error to exclude a return of service corroborating a witness as to a certain date, where the date of the service was not in any way called in question.

[7] WITNESSES (126-1)—IMPEACHMENT—CONTRADICTION—COLLATERAL MATTERS. A witness having testified to her possession of the sum of three hundred dollars and the source from which it was obtained, it is error to attempt to impeach her testimony by showing that she was indebted for household expenses, groceries and furniture and was slow pay, thereby introducing a collateral fact.

[1]Reported in 246 Pac. 755.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered January 11, 1925, upon the verdict of a jury, rendered in favor of the plaintiffs, in an action of replevin. Affirmed.

*Frank J. Allen,* for appellants.

*O. A. Tucker* and *Hull & Murray,* for respondents.

FULLERTON, J.—The appellant Sowle brought an action in the superior court of Lewis county against one Nick Bush, to recover a sum due upon two promissory notes executed by Bush, as maker. At the time of the commencement of the action, he caused an attachment to issue, which his co-appellant, as sheriff, levied upon two motor vehicles, one an Elgin sedan and the other a Signal truck, as the property of Bush. Subsequently, a judgment against Bush was entered in the action, on which an execution was issued and the property sold at public sale. Sowle became the purchaser at the sale, and thereby acquired such interest in the property as belonged to Bush. The respondents Waddell claimed ownership of the property, and, on its seizure, demanded its possession. Possession was refused them, whereupon they instituted the present action for its recovery. The issue was one of ownership, that is, whether the property, at the time of its seizure and sale, was the property of the Waddells or the property of Bush. There was a trial by jury, and a verdict in favor of the Waddells. From a judgment entered on the verdict, Sowle and the sheriff appeal.

At the close of the respondents' case in chief, the appellants moved that the action be non-suited; at the close of all of the evidence, they moved for a directed verdict in their favor; and, on the return of the verdict, they moved for judgment in their favor notwithstanding the verdict. The several motions were overruled

by the trial court, and its ruling on the motions furnishes the basis for the first of the assignments of error discussed in the arguments. The motions question the sufficiency of the evidence to justify a verdict, but we find no necessity for reviewing the evidence at length. There was a charge of fraud, it is true; it was charged that the appellants and Bush had conspired together to cover up and conceal the property of Bush, so as to place it beyond the reach of his creditors, and, because of this charge, the trial court allowed the evidence to take a somewhat wide range, resulting in a bulky record, but the evidence presents no unusual features.

[1] The case is but the ordinary one of its kind, and a discussion of the evidence would neither be instructive nor useful as a precedent. It is sufficient to say, therefore, that we find the evidence conflicting on all of the material issues. It was, thus, the province of the jury to determine the facts, and their verdict is conclusive on this court, whatever view we may take of the weight of the evidence. It may be added, however, that, as we view the record, the jury did not decide against the preponderance of the evidence.

[2] The next of the assignments of error are based on the refusal of the court to give certain requested instructions to the jury. Bush, the record discloses, was at one time engaged in the business of buying and selling used motor vehicles. It was the claim of the respondents, verified by Bush, that they advanced to Bush the sum of six hundred dollars for use in his business, taking a writing from him evidencing the advancement. Later, in settlement of the indebtedness thereby created, Bush turned over to them one of the vehicles in question, giving them a bill of sale of the vehicle. The bill of sale was not recorded, and there was a con-

flict in the evidence over the question whether delivery followed the transfer. The appellants requested an instruction applicable to the situation, which the court did not give in the form of the request. It did, however, fully cover the question, in an instruction couched in language of its own choosing, so complete, it seems to us, that the jury could not possibly have been misled. It instructed them, in substance, that, inasmuch as the bill of sale was not recorded, delivery was necessary to complete the transfer as between Bush and his creditors, and, if they found that there was no delivery at the time of the sale, their verdict must be for the appellants.

As to the respondents, the instruction may have been too restrictive. If delivery of the property followed, at any time prior to its seizure by the appellants, it would be a sufficient delivery to comply with the rule (*Haskins v. Fidelity Nat. Bank,* 93 Wash. 63, 159 Pac. 1198), and the instruction did not take cognizance of this principle. But, clearly, as to the appellants it is sufficient. It is, perhaps, unnecessary to add that, in this jurisdiction, the trial court is not bound to instruct the jury in the language of a request, although the request may be proper in form and substance. Either party to an action may request instructions, and, if the rule were otherwise, a court would often be required to give two instructions on the same subject-matter; one requested by the plaintiff and another requested by the defendant. The rule, as we have frequently announced it, is that the court may instruct the jury in language of its own choosing, and, if it sufficiently instructs the jury on the subject-matter of the request, error cannot be predicated because it did not follow a particular requested form.

[3] The appellants requested the following instruction, which the court did not give:

"You are hereby instructed that, where an individual is in possession of personal property, he is presumed to be the owner thereof, and if you find that the defendant, Frank M. Roberts, as sheriff, under and by virtue of a writ of execution, issued out of this court, attached and took possession of the Elgin sedan and Signal truck herein in controversy, and found the same at the time of service of said writ of attachment in the possession of Nick Bush, Nick Bush is presumed to be the owner thereof at that time."

The instruction, we think, was inapplicable to the issue presented. The question was solely one of ownership. If the property was that of Bush at the time of the levy of the attachment, the respondents were not entitled to its recovery. If, on the other hand, it was their property, they were so entitled, and they could recover it, regardless of the fact, whether it was in the possession of Bush or some other person. Presumption of ownership arising from possession did not, therefore, enter into the controversy. Such presumptions will sometimes aid, where the rights of an innocent or *bona fide* purchaser are involved, but no such rights are presented here.

An attaching creditor, or an execution creditor, levying upon and selling property as the property of his debtor, is not an innocent purchaser, or a *bona fide* purchaser for value. He takes in the property only such interest as his debtor has. *Lee v. Wrixon,* 37 Wash. 47, 79 Pac. 489; *Ransom v. Wickstrom & Co.,* 84 Wash. 419, 146 Pac. 1041, L. R. A. 1916A 588.

The instructions given by the court to the jury fully covered the actual issue here presented, and we find no error in the refusal to give the requested instruction.

[4] The court gave the following instructions, upon which error is predicated:

"Defendants have charged that the purported sale of the truck and sedan involved herein is fraudulent. You are instructed that fraud is never presumed, but that the burden is upon the party asserting the transaction is fraudulent, and must be proven by clear and convincing proof. You are, however, instructed that, although fraud is never presumed, it need not be proved by direct testimony, but it may be inferred from circumstances; still it will never be presumed, but must be proved by some tangible facts and circumstances in evidence, from which it may be fairly inferred; and, in this case, the burden is upon the defendants to show, by a preponderance of the evidence, that Nick Bush and the plaintiffs, William Waddell and Nora Waddell, fraudulently participated in such fraud, if any existed, and, that they intended to, and did, fraudulently claim that a sale of said property had taken place, when, in truth and in fact, it was not so, and that they did this for the purpose of keeping the property of Nick Bush from being subjected to the writ of attachment for the payment of his debts; and if you believe, from the facts and circumstances offered in evidence, that the defendants have sustained the burden of proof of fraud, you will find for the defendants.

"The court instructs the jury, that all that is necessary to transfer title to personal property is for the seller to give the purchaser possession of the property so purchased by him. You are, therefore, instructed that, if you are satisfied from the evidence that plaintiffs gave to Nick Bush full satisfaction of a debt, owed by the latter to them, for the truck in question, and thereafter they put same in a garage in Yakima for a time as the property of Waddell, and thereafter same was taken therefrom and driven to the home of plaintiffs at Edmonds, and there left in the possession and control of plaintiffs as their property, your verdict should be the plaintiffs are entitled to possession of said property herein. In other words, you are instructed that, where delivery of the possession of personal property is made to the purchaser thereof, a bill of sale is not necessary to be given, or, if given, recorded."

The objections urged against the instructions are, that they "deprived the jury of the opportunity of considering the question of whether there had been a delivery or change of possession" of the property. But we cannot conceive them to be subject to the criticism imputed to them. The first does not even refer to the question of delivery, and the second but illustrates the conditions under which a bill of sale is, or is not, necessary to pass title, on a sale of personal property, as against the creditors of the vendor. But the jury were not left in doubt as to the necessity of delivery, on a sale of personal property where the rights of creditors are involved. Elsewhere in the instructions, the jury were told that, if, after the purported sale, the "plaintiffs left the motor cars in question in the possession of Nick Bush, and that no delivery of possession thereof was made at the time of the sale, if any, to the plaintiffs, but that the same were left in the possession of Nick Bush, your verdict should be for the defendants." Manifestly, we think, the jury could not have been misled on the question of necessity of a delivery of the vehicles to the plaintiffs.

[5] The appellants offered in evidence the complaint, findings and judgment in the case out of which the attachment was issued, for the purpose, as stated by counsel, of proving that the appellants were existing creditors of Bush. The court rejected the offered proofs, and error is assigned thereon. The evidence was immaterial. While the pleadings may have suggested the invalidity of the appellant Sowle's claim against Bush, the cause was tried and submitted to the jury on the theory that it was a valid claim. The tendency of the proffered evidence was only to prove this fact, and, since the fact was admitted, manifestly no error was committed by its rejection.

A witness on behalf of the appellants testified that, on a certain date, he went to the residence of Nick Bush, in the city of Yakima, for the purpose of serving certain legal papers upon Bush, and that, while at the residence, he saw a Signal truck standing in front of the residence. The date fixed by the witness covered a time when the evidence, on the part of the respondents, tended to show that the Signal truck here involved was in the possession of the respondents at another place.

[6] The witness had made a return, into the court issuing the papers, showing the date of the service, and the appellants offered the return in evidence, in connection with the testimony of the witness, for the purpose of corroborating his testimony as to the date. The court rejected the proffered testimony, and error is assigned thereon. We think the assignment without merit. Had the question been whether the witness served the papers on that day, possibly the return would have been admissible in support of his testimony that he did so serve them. But the question here was not that. The material part of his testimony was that he saw a Signal truck at the residence of Bush at the time in question, and the return in no way tended to prove that fact. Had the respondents attempted to show that the witness was mistaken as to the date of the service, possibly the return would have been admissible in his support. But no attempt was made in this direction; the respondents simply questioned him as to his remembrance of other facts occurring at that time, and let his testimony stand, as a contradiction of the testimony on their behalf. On the general question of the admissibility of memoranda used by a witness to refresh his memory, see *Kirkpatrick v. Collins,* 95 Wash. 399, 163 Pac. 919.

[7] To substantiate their ownership of the sedan, the respondents introduced testimony to the effect, that they went from Edmonds to Yakima in the early autumn of 1924, to work in the fruit orchards; that, later on in the year, Mrs. Waddell gave to Bush, who was then dealing in used cars, the sum of three hundred dollars to purchase for her a Ford coupe; that some three weeks later, namely, on November 21, 1924, Bush made the purchase and turned the car over to her; and that, later, the coupe was traded for the Elgin sedan, here in suit. To discredit the testimony that Mrs. Waddell had advanced the sum mentioned to Bush, the appellants offered testimony, to the effect that the respondents owed at that time accounts incurred for household expenses,—groceries, furniture, and the like —which they were paying in small sums monthly, and on which they were sometimes delinquent. This proffered testimony, the trial court also rejected, and complaint is made of its ruling. The argument in favor of its admissibility is, that it tends to show the improbability that Mrs. Waddell had the sum of three hundred dollars at the time she claims to have made the advancement to Bush for the purpose of purchasing the automobile, which was subsequently exchanged for the sedan. But we think the testimony too remote for the purposes for which it was offered. Mrs. Waddell, earlier in the trial, had stated the source from which she obtained the money; her testimony, in substance, being that it was income from resources she possessed prior to her marriage with her co-respondent. The proffered testimony in no way tended directly to contradict her statement. The witness testifying did not claim that the accounts were repudiated. Their contention was, that the respondents were slow in paying, and that they had difficulty in making collections. But

this was subject to explanation and, to have admitted the evidence, would have been to introduce a collateral issue into the cause, with which the court correctly determined the jury should not be burdened.

The other errors assigned, we shall not specifically notice. They are less pertinent than those considered, and it is sufficient to say that we have examined them, and find in them no cause for reversal.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and BRIDGES, JJ., concur.