[No. 20405.   Department Two.   August 19, 1927.]

R. H. HOWARD, *Respondent,* v. A. W. MORTENSEN, *as Receiver et al., Appellants.*[1]

[1] ANIMALS (3)—EXECUTION (25) — LIEN — PRIORITIES BETWEEN EXECUTIONS AND OTHER LIENS. One having a lien on cattle for pasturage, both by contract with the owner and Rem. Comp. Stat., § 1197, does not waive or lose the same, where, upon attempted levy of execution against the owner, he gave the sheriff a receipt acknowledging that he held them as a keeper for the sheriff by virtue of the levy, expressly reserving and asserting his claim to a lien for pasturage.

[2] JUDGMENT (198)—PARTIES CONCLUDED — PERSONS PARTICIPATING IN DEFENSE. An adverse claimant to property levied upon, interested in defeating an action to foreclose a lien thereon, though not made a party defendant, is bound by the judgment where he testified for the defendants and personally aided them in other ways in furtherance of his interest in their success.

Appeal from a judgment of the superior court for King county, Oswald, J., entered November 29, 1926,

[1]Reported in 258 Pac. 853.

upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Reversed.

*James Kiefer,* for appellants.

*C. S. Goshert,* for respondent.

PARKER, J.—The plaintiff Howard seeks recovery of eight head of cattle from the defendants, Mortensen and Ellington, or, in the alternative, their value as damages which he alleges to be $250. Howard heretofore claimed ownership in the cattle, his present claim, however, being his alleged right to the possession of the cattle to the end that he might thereby be enabled to turn them over to the sheriff, in compliance with his present legal obligation, and thereby avoid damages which he will suffer upon his failure so to do. Mortensen was appointed receiver of the cattle, at the instance of Ellington, in an action in the superior court, wherein Ellington sought foreclosure of his lien claim for pasturing and caring for the cattle. A trial upon the merits, in the superior court for King county, resulted in a judgment awarding Howard recovery against Mortensen and Ellington in the sum of $165 as damages, the cattle not being capable of delivery at the time of such disposition of the case. From this disposition of the case in the superior court, Mortensen and Ellington have appealed to this court.

The controlling facts of this controversy are somewhat involved. We think, however, they are clearly established and may be fairly summarized as follows: In July, 1924, Ellington received from Colin Campbell the cattle in question, it being expressly agreed between them that Ellington should pasture and care for the cattle for an agreed compensation of two dollars per head per month, to be paid by Campbell, and that Ellington might hold possession of the cattle as

security for such agreed compensation. On December 24, 1924, Frances B. Seward, having an unsatisfied money judgment against Campbell which had been rendered by the superior court, caused execution to be issued thereon, and requested the sheriff to levy upon the cattle as the property of Campbell and sell them in satisfaction of that judgment. The sheriff did not take possession of the cattle, but, upon exhibiting the execution to Ellington, finding them in his possession and being advised by Ellington of his claim of lien upon them for pasturing and caring for them under his contract with Campbell, left the cattle with Ellington, taking from him a receipt reading in part as follows:

"The undersigned hereby acknowledges that he holds the above described live stock as keeper for Matt Starwich, sheriff of King county, Washington, who has levied upon the same by virtue of an execution issued out of the superior court of Kitsap county, Washington, directed to said sheriff, reserving, however, and asserting my claim to a lien upon said live stock for pasture and feed, in accordance with the statutes of the state of Washington in such case made and provided.

"Dated December 24, 1924.     R. A. Ellington."

The sheriff proceeded to advertise a contemplated sale of the cattle under the execution, but such sale was not consummated. On January 7, 1925, Howard made claim of ownership to the cattle in the manner provided for by Rem. Comp. Stat., § 573 et seq. [P. C. § 7843], relating to adverse claims to property levied upon, giving to the sheriff appropriate affidavit and bond in that behalf. The sheriff thereupon, over protest of Ellington, ignoring his possessory lien claim for the pasturing and caring for the cattle, forcibly took from Ellington the cattle and delivered them to Howard.

On January 7, 1925, Ellington commenced an action in the superior court for King county against Howard and the sheriff, seeking foreclosure of his lien for the pasturing and caring for the cattle. Such proceedings were had in that action that, on January 16, 1925, Mortensen was duly appointed receiver to take charge of the cattle pending that action. On the following day, Mortensen and Ellington found the cattle at large, not in the possession of anyone. Mortensen then took possession of the cattle, as receiver, and placed them for keeping in Ellington's pasture where they had previously been kept by Ellington. By order of the court in the foreclosure action, the cattle were later released from the receivership by Campbell's depositing in court an amount sufficient to satisfy Ellington's lien claim, as security in place of the cattle.

On January 20, 1925, the claim of Howard to the cattle, as a third party claim under the adverse claim statute above noticed, came on for trial in the superior court, which trial resulted in a judgment against Howard; that is, a judgment denying his claim of ownership to the cattle and adjudicating that the cattle were the property of Campbell, as against Howard, and that Campbell's right therein was subject to sale and satisfaction of Seward's judgment. That judgment was for the return of the cattle, or their value. On October 24, 1925, Ellington's lien foreclosure action having theretofore been tried, was finally disposed of by the superior court by decree, awarding him recovery against the fund which had been deposited in court by Campbell to secure release of the cattle from the receivership and to stand in lieu of the cattle.

On November 20, 1925, this action, which had been commenced in February, 1925, was finally disposed of by judgment, in favor of Howard and against Morten-

sen and Ellington, awarding recovery in the sum of $165, as damages suffered by him because of their taking and retaining the cattle in the manner we have noticed.

[1] It seems plain that Ellington had the actual possession and the right of possession of the cattle as security for his claim of lien at the time the cattle were forcibly taken from his possession, over his protest, by the sheriff and delivered to Howard, as against Campbell and his judgment creditor Seward. Ellington's express contract with Campbell, and § 1197, Rem. Comp Stat. [P. C. § 9651], relating to liens for the pasturing and caring for stock, leave no room for convincing argument to the contrary. Indeed, this much seems to be conceded by counsel for Howard. 17 R. C. L. 138. It is also plain, we think, that Ellington never, at any time, voluntarily surrendered his possession or waived his claim of lien. Manifestly, he did not do so by voluntarily surrendering physical possession of the cattle to the sheriff, or by the signing and delivering to the sheriff of the above quoted acknowledgment, upon the sheriff exhibiting to him the execution issued upon Seward's judgment against Campbell. He expressly reserved his lien right for the pasturing and caring for the cattle. He thereby did nothing more than acknowledge that he held the cattle for the sheriff under the execution, subject to his lien right for pasturing and caring for the cattle. Russell v. Winne, 37 N. Y. 591, 97 Am. Dec. 755; Perry v. Williams, 39 Wis. 339.

The trial court seems to have been of the opinion that, because the sheriff had ultimately acquired physical possession of the cattle under the execution, even in plain violation of Ellington's possessory lien right, the cattle then passed into the custody of the law and so remained at all times thereafter, even in the hands of Howard, after he had acquired physical

possession by the sheriff delivering the cattle to him, and that therefore they were thereafter, under no circumstances, subject to being lawfully taken into custody by Mortensen as receiver. We are unable to see how it can be successfully argued that the appointment of Mortensen as receiver in Ellington's foreclosure action was void, though the trial judge seems to have viewed that appointment as void. Of course, whether or not the receiver could lawfully acquire possession of the cattle is another question. It seems to us that, whether or not Mortensen as receiver could lawfully take the cattle from Howard, who had acquired possession by his adverse claim proceeding, is not in this case; because of the fact that Mortensen did not take possession of the cattle from Howard, but took possession of the cattle upon finding them running at large, apparently not in the possession of anyone. This is established by undisputed evidence. There is no evidence as to how the cattle became running at large. Besides, it was finally adjudicated that Howard had no property interest in the cattle, but that they were the property of Campbell as against Howard, subject to sale toward the satisfaction of Seward's judgment against Campbell, in so far as Campbell's ownership was not subject to Ellington's lien. Campbell's ownership was finally decided to be subject to Ellington's lien in his foreclosure action.

[2] Counsel for Howard, in oral argument in this court, contended that, because he was not named a party in Ellington's lien foreclosure action, Howard is not bound by the judgment rendered in that action; that is, not bound by that judgment as an adjudication that Ellington's lien was superior to Howard's property right in the cattle. True, Howard was not formally named a party defendant in that action, but the

record renders it plain that he was personally aiding the defendants Campbell and the sheriff in their efforts to defeat Ellington's lien, testifying for them and, in other ways, personally aiding them. It seems to us, that Howard's interest in the success of Campbell and the sheriff in defeating Ellington's lien, and his manifest personal efforts in that behalf, render the judgment in Ellington's lien foreclosure action as much a binding adjudication that Ellington's lien is superior to Howard's claim of title as it is a binding adjudication that Ellington's lien is superior to Campbell's claim of title. *Douthitt v. MacCulsky,* 11 Wash. 601, 40 Pac. 186; *Shoemake v. Finlayson,* 22 Wash. 12, 60 Pac. 50; *Saar v. Weeks,* 105 Wash. 628, 178 Pac. 819; *Curtis Studio v. Lennes,* 121 Wash. 32, 208 Pac. 79; *American Nat. Bank of Nashville v. National Bank of Commerce of Seattle,* 132 Wash. 490, 232 Pac. 295.

We are unable to see that either Ellington or Mortensen, as receiver in Ellington's lien foreclosure action, did anything in the taking possession of the cattle by Mortensen, as receiver, that was not strictly in accordance with legal right. We are equally unable to see that they are, in any way, responsible for the claimed seeming unfortunate position in which Howard now finds himself, as the result of his unsuccessful adverse claim of ownership in the cattle. We conclude that Howard is not entitled to any recovery in this action.

The judgment is reversed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.