[No. 34213. Department Two. December 12, 1957.]

MONDO DESIMONE *et al., Appellants,* v. FLOSSIE SPENCE, *Respondent.*[1]

*William F. Hennessey,* for appellants.

*Orville C. Hatch, Jr.,* for respondent.

FOSTER, J.—We affirm the dismissal of this quiet-title action brought by execution purchasers of real property to perfect their title to property so purchased because they acquired only the interest of the judgment debtor, whose rights in this instance had been forfeited in the February preceding the execution sales in November.

Appellants, plaintiffs below, sued respondent, defendant below, to quiet the title to real property in question. The complaint averred that the respondent was in possession claiming title and the appellants were the execution purchasers of the property.

The respondent's title was adjudged superior and the

[1]Reported in 318 P. (2d) 959.

title was quieted in her, from which judgment the plaintiffs appeal.

While there are twenty assignments of error, the issues, nevertheless, are within an extremely narrow compass. The controversy respects the conclusions to be drawn from the facts found, upon which there is little conflict in the proofs.

Peter Desimone, a married man, purchased the property by executory contract in February, 1946, for twenty-six hundred dollars, of which six hundred dollars was paid down. The balance was payable at the rate of twenty-five dollars a month.

From the time of his purchase, Desimone permitted a friend to reside in the house on the property until he sold the Evergreen club in 1947, when the friend vacated. Respondent, who had been employed at a weekly wage of seventy-five dollars and provided with living quarters in the Evergreen club, was required to find new accommodations. Desimone permitted her to move into the small four-room house on the property as additional compensation. She moved in, improved the house at a cost to her of approximately one thousand dollars, and has resided in it continuously since.

During the interval between 1946 and 1952, respondent loaned Peter Desimone four or five thousand dollars. In February, 1952, Desimone was in financial difficulties and the installments due under the executory contract were in default.

In finding of fact No. 6,[2] the court found that the interest of Peter Desimone and Mary Desimone, husband and wife, was forfeited on February 25, 1952, on which no error is assigned and is, therefore, accepted as a verity.

[2]"That on or about February 8, 1952, ROBERT HENDERSON and ANGIE HENDERSON, his wife, caused to be served on PETER DESIMONE and MARY DESIMONE, his wife, a Notice of intention to forfeit the hereinbefore mentioned real estate contract and that on February 25, 1952, the demand in the Notice of intention to forfeit not having been complied with, the said HENDERSONS caused a Notice of forfeiture of said real estate contract to be served on the said PETER DESIMONE and wife; that after said Notice of forfeiture had been given, the said PETER DESIMONE tendered to the said HENDERSONS, the sum of $350.00, which tender was refused." Finding of fact No. 6.

Thereafter, on October 2, 1952, the vendors, by a second forfeiture notice, gave Peter Desimone another chance to save the property if he paid the entire balance on the contract, amounting to $676.91, plus interest and an attorney's fee, by October 17, 1952.

Desimone was then in no position to comply with the terms of this offer, nor to repay his indebtedness to respondent. He attempted orally to assign the contract to the respondent, but a decision on this question is unnecessary. On October 16, 1952 he gave the new notice to the respondent and accompanied her to the office of the vendor's lawyer, where respondent paid the entire balance, including interest and an attorney's fee, a total of $839.15. Respondent took the vendor's receipt, which recited that she was to receive the vendor's deed. This was all with the approval of Peter Desimone. However, the fulfillment deed was not delivered until after the institution of this proceeding, but this is without significance because equity regards that as done which ought to have been done. While the oral assignment was ineffectual, nevertheless, it amply sustains the court's finding that Desimone had then abandoned the property.

Appellants, brothers of Peter Desimone, acquired by assignment two judgments against Peter and levied upon the real property in question and caused execution sales thereof to be held on November 29, 1952 and January 4, 1953.

However, appellants made no demand for possession nor did they do anything with respect to the property until after the death of Peter Desimone on March 19, 1955, notwithstanding Flossie Spence's possession and claim of title during the entire period. A month after Peter Desimone's death, however, they demanded possession, which she refused. This action followed.

The trial court found that at the time of the execution sale Peter Desimone had no interest in the property and had then abandoned it, and that, therefore, the appellants acquired nothing by reason of the execution sales and the sheriff's deeds to them.

The findings are amply sustained by the proofs, and the conclusions follow from the facts found.

Although Desimone's widow was a witness, she did not testify respecting the community or separate character of the property, on which question there is no proof nor did the court make any finding respecting it. Because of the forfeiture of Peter Desimone's rights under the executory contract of sale prior to the execution sale, the character of Desimone's interest in the property as separate or community is not of controlling importance.[3]

The plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary. *Mitchell v. Cunningham,* 8 F. (2d) 813; *Centralia v. Miller,* 31 Wn. (2d) 417, 197 P. (2d) 244; *Eckley v. Bonded Adjustment Co.,* 30 Wn. (2d) 96, 190 P. (2d) 718, 1 A. L. R. (2d) 717; *Lewis v. Seattle,* 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119; *Rohrback v. Sanstrom,* 172 Wash. 405, 20 P. (2d) 28; *Nyman v. Erickson,* 100 Wash. 149, 170 Pac. 546; *Spokane v. Security Sav. Society,* 82 Wash. 91, 143 Pac. 435; *Brown v. Bremerton,* 69 Wash. 474, 125 Pac. 785.

A judgment creditor purchasing at his own execution sale stands in the shoes of the judgment debtor and takes only his interest. *Anderson Buick Co. v. Cook,* 7 Wn. (2d) 632, 110 P. (2d) 857; *Tallyn v. Cowden,* 158 Wash. 335, 290 Pac. 1005; *Vandin v. Henry McCleary Timber Co.,* 157 Wash. 635, 289 Pac. 1016; *Waddell v. Roberts,* 139 Wash. 273, 246 Pac. 755; *Malm v. Griffith,* 109 Wash. 30, 186 Pac. 647; *Ransom v. Joseph E. Wickstrom & Co.,* 84 Wash. 419, 146 Pac. 1041; *American Sav. Bank & Trust Co. v. Helgesen,* 67 Wash. 572, 122 Pac. 26; *Lee v. Wrixon,* 37 Wash. 47, 79 Pac. 489; *Hacker v. White,* 22 Wash. 415, 60 Pac. 1114.

At the time of the execution sale, Peter Desimone, be-

[3]The witness is bound by the judgment to the same extent as a party. *Bacon v. Gardner,* 38 Wn. (2d) 299, 229 P. (2d) 523; *Fies v. Storey,* 37 Wn. (2d) 105, 221 P. (2d) 1031; *Briggs v. Madison,* 195 Wash. 612, 82 P. (2d) 113; *Howard v. Mortensen,* 144 Wash. 661, 258 Pac. 853; *Curtis Studio v. Lennes,* 121 Wash. 32, 208 Pac. 79; *Wise v. Reed,* 79 Wash. 134, 139 Pac. 753; *American Bonding Co. v. Loeb,* 47 Wash. 447, 92 Pac. 282; *Shoemake v. Finlayson,* 22 Wash. 12, 60 Pac. 50.

cause of the forfeiture, had no interest in the property. Consequently, the appellants did not acquire any title.

The judgment is affirmed.

HILL, C. J., DONWORTH, and FINLEY, JJ., concur.

ROSELLINI, J., dissents.